## William McIntyre v. James E. Malloy

[296 A.2d 222]

No. 46-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Lynch & Ketcham,* Middlebury, for Plaintiff.

*James M. Jeffords,* Attorney General, and *Martin K. Miller,* Assistant Attorney General, for Defendant.

**Smith, J.** The defendant, James E. Malloy, Commissioner of Motor Vehicles of the State of Vermont, has taken his appeal here from an order of the District Court of Vermont, Unit No. 4, Addison Circuit, which order reversed the order of the Commissioner which suspended the license to operate motor vehicles held by the plaintiff, William McIntyre.

The factual background of the case before us is simple and undisputed. The plaintiff was admittedly convicted on his plea of guilty to operating a motor vehicle while under the influence of intoxicating liquor, under the laws of the State of New York, in Justice Court, Moriah, New York, on October 4, 1970. The defendant, Commissioner of Motor Vehicles of the State of Vermont, ordered that the plaintiff's license be suspended as a result of said New York conviction. The effective date of suspension was January 31, 1971, and said suspension was to continue for six months, unless a similar suspension of driving privileges imposed by the State of New York was revoked within that period.

The plaintiff requested, and was given, a hearing on such Vermont suspension before the Commissioner, pursuant to 23 V.S.A. § 671a(a), on February 2, 1971, and was notified on February 5, 1971, that the previous order of the Commissioner suspending his license to operate a motor vehicle would remain in full force and effect to coincide with the New York suspension.

The plaintiff then took an appeal to the Vermont District Court pursuant to 23 V.S.A. § 671a(c). The judge of the District Court found that the plaintiff would lose his job and all fringe benefits associated with it if his license to operate a motor vehicle in Vermont was suspended. It appears from the transcript that the plaintiff is a man of a large family and that his employment for a number of years has been that of a truck driver. The evidence also disclosed that driving while intoxicated took place while attending a wedding reception in the State of New York, and not while driving a truck in the course of his employment.

The question presented here is one of statutory interpretation to determine whether the District Court had the power to reverse the Commissioner of Motor Vehicles' suspension of the plaintiff's operating privileges as a result of the conviction of the plaintiff in New York for driving while under the influence of intoxicating liquor.

The first statute which we must consider is 23 V.S.A. § 671a:

"(a) The commissioner of motor vehicles may revoke or suspend the license of an operator or the right of an unlicensed person to operate a motor vehicle when the operator or person has been convicted of an offense by a court of any other state when the offense, if committed in Vermont, would authorize the commissioner to make the revocation or suspension, provided, however, that the commissioner may not order the revocation or suspension based upon any conviction of the operator in any other state until after notice and due hearing, if the person or operator of the motor vehicle requests such a hearing within ten days from notice by the commissioner; if no request for a hearing is made, the commissioner may revoke or suspend such license for the statutory period."

"(c) An appeal from the decision of the commissioner of motor vehicles shall lie to a district court in the county of the residence of the person or operator provided such appeal is taken within thirty days from the sending by certified mail to the person or operator of such decision. Hearing before the district court shall be *de novo* and upon the decision of the district court adverse to the appellant, the clerk of said court shall certify such decision to the commissioner of motor vehicles who shall suspend or revoke the right to drive a motor vehicle accordingly."

What constitutes operating a vehicle under the influence of intoxicating liquor in Vermont is specifically set forth in 23 V.S.A. § 1201, with the presumptions which arise following certain blood alcohol tests enumerated in 23 V.S.A. § 1204, and the various sections thereof. But, of greater interest in considering the question here presented, is 23 V.S.A. § 1206 regarding the duty of the Commissioner in revoking the oper-

ating license of a person who has been convicted in Vermont of driving a vehicle under the influence of intoxicating liquor.

"After being notified of the conviction of a person for having violated a provision of section 1201 of this title, the commissioner of motor vehicles shall forthwith revoke the license of such person, or revoke his right to operate a motor vehicle, as the case may be. A license shall not be issued to such person until the expiration of one year from the date of such revocation, and then only upon the presentation of due proof to the commissioner of motor vehicles that such person is a proper person to whom a license should be granted."

It is significant that no right of appeal is granted to the District Court to a person whose license has been revoked for a conviction under the provisions of section 1201.

Admitted on the part of the Commissioner is that the *de novo* hearing before the District Court, provided by 23 V.S.A. § 671a(c), vests in that court the same power that was vested in the Commissioner when he originally determined what, if any, action should be taken with respect to the plaintiff's Vermont operating privileges. This is in accord with our law. See *In Re Automobile Liability Insurance Rates*, 128 Vt. 73, 77, 258 A.2d 826 (1969).

We are immediately confronted with the fact that it is the statutory duty of the Commissioner to revoke the operating license of a person convicted of driving while under the influence of intoxicating liquor in the State of Vermont (23 V.S.A. § 1206). But such revocation is discretionary in the matter of a person convicted of operating a vehicle under the influence of intoxicating liquor in another state. 23 V.S.A. § 671a (a). In the latter statute, the Commissioner "may" revoke or suspend, while in the statute first cited, the legislature has provided that the Commissioner "shall" revoke or suspend such license.

It is the contention of the Commissioner that the legislative purpose in allowing an appeal to the District Court from the action of the Commissioner was only to allow a court to pass on a question of foreign law, possibly on the question of its legitimacy or its reasonableness, for which purpose a court

would be better qualified than a commissioner of motor vehicles. Under such a theory, it would logically follow that a District Court could decide only if there was a valid conviction, under a valid law in the out of state jurisdiction in which the Vermont licensee was convicted of driving while under the influence. But such purpose does not appear in the plain language of the legislative enactment. The State also argues that the Commissioner, under the statutes, must revoke the operating license of a driver, licensed in another state, when such driver is convicted in Vermont of driving while under the influence. Also argued is that the statute giving the Commissioner authority to revoke the operating license of a Vermont driver, convicted of driving under the influence in another state must be construed *in pari materia* with other sections of the statute, absent circumstances that would indicate that the out of state law or conviction thereunder was unreasonable or illegal.

[2] Our law is that:

> "The fundamental rule for the construction of statutes is to ascertain the intent of the Legislature. This intent must be ascertained from the act itself if the language is plain." *Doubleday* v. *Stockbridge*, 109 Vt. 167, 172, 194 A. 462 (1937).

It is plain from the wording of 23 V.S.A. § 671a(a), that the intent of the legislature was to allow the commissioner of motor vehicles to exercise his discretion on whether or not to suspend the operating license of a Vermont operator convicted in a foreign jurisdiction of driving while under the influence of intoxicating liquor. The statute does not limit the exercise of this discretion to any particular facts or circumstances relative to the conviction in the court of another state. If the legislature intended that the Commissioner could refuse to suspend the driving license of the Vermont driver as a result of the foreign conviction only when such conviction was illegal or unreasonable, it could have so stated. But it did not.

It has been agreed that the District Court, at the *de novo* hearing on an appeal from the decision of the Commissioner, had the same discretionary powers granted the Commissioner under 23 V.S.A. § 671a(a). The same absolute dis-

cretion in whether or not to suspend the operating license of the Vermont license holder, convicted of operating a vehicle while under the influence in another jurisdiction rested in the District Court upon an appeal being taken to it from the decision of the Commissioner.

*Judgment affirmed.*