### In re Ray E. Poole, Jr., Audrey A. Poole, and Vermont Fast Foods, Incorporated

[388 A.2d 422]

No. 76-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*John H. Marshall* of *Downs, Rachlin & Martin,* St. Johnsbury, for Appellants.

*Edward C. O'Boyle, Jr.,* St. Johnsbury, for Appellees.

*Witters, Zuccaro, Willis & Lium, Inc.,* St. Johnsbury, for Town of St. Johnsbury.

Billings, J.   This is an appeal from the Caledonia Superior Court's "affirmance" of the St. Johnsbury Planning Commission's grant of site plan approval for the proposed development of a "McDonald's" restaurant and the St. Johnsbury Zoning Board of Adjustment's grant of a zoning permit for the construction of the restaurant. 24 V.S.A. §§ 4472, 4475. After an extensive evidentiary hearing, the trial court issued findings of fact and concluded that the site plan as prepared was in substantial compliance with the appropriate provisions of the St. Johnsbury zoning ordinance, and that the proposed restaurant was not a "drive-in" restaurant, thereby obviating the necessity of a conditional use permit. The trial court then issued an order "affirming" the decision of both boards. Appellants here, Ray E. Poole, Jr., Audrey A. Poole, and Vermont Fast Foods, Inc., claim the trial court erred in failing to conduct a trial de novo as mandated by 24 V.S.A. §§ 4472(a), 4475, erred in granting site plan approval to appellee, Franchise Realty Interstate Corporation (F.R.I.C.), because of the failure of the corporation to obtain a certificate of authority to transact business pursuant to 11 V.S.A. § 2101(a), and

erred in failing to enforce the St. Johnsbury zoning regulations as they pertain to signs, setbacks, and landscaping.

We first deal with appellants' claim that they did not receive the de novo trial to which they were entitled under § 4472 (a). Appellants' argument in this respect is essentially twofold. First, they argue that the trial court should not have admitted into evidence the findings and conclusions of the Zoning Board and the Planning Commission. Second, even if the admission of those findings into evidence does not per se violate their right to a de novo trial, they urge that the substantial similarity between the findings of the trial court and those of the two administrative bodies demonstrates that the court merely reviewed the boards' findings in an appellate manner, in disregard of its duty to conduct a de novo proceeding.

In appeals from either a planning commission or a zoning board of adjustment, an "interested person shall be entitled to a de novo trial in the superior court." 24 V.S.A. §§ 4472(a), 4475. A de novo hearing is one where the case is heard as though no action whatever had been held prior thereto. All of the evidence is heard anew, and the probative effect determined by the appellate tribunal (superior court here) as though no decision had been previously rendered. *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 300 A.2d 891 (1973); *In re Preseault*, 130 Vt. 343, 292 A.2d 832 (1972); see *In re Appeal of Farrell and Desautels, Inc.*, 135 Vt. 614, 383 A.2d 619 (1978).

The trial court here admitted into evidence *sua sponte* the findings and conclusions of the Zoning Board and Planning Commission. This admission in itself is not reversible error provided there was evidence presented before the trial court to support all the court's findings and conclusions. Upon a review of the entire record, it can be safely said that all of the facts found by the trial court in the case at bar were put into evidence before the court; all of the evidence was thus "heard anew."

Many of the court's findings are substantially similar or identical to the findings of the two boards. We cannot

say as a matter of law, however, that the court failed to make its own determination of the probative effect of the competent evidence before it, as it was required to do in a de novo proceeding. Although we are constrained to hold that the lower court made its own findings from the competent evidence adduced before it, we would note that it would have been better procedure on the part of the trial judge to "couch the findings" in his own words rather than state findings that were substantially similar to those of the two administrative bodies. See *Krupp* v. *Krupp*, 126 Vt. 511, 513, 236 A.2d 653, 654–55 (1967). Though we hold here that the parties were afforded a trial de novo, we must remand this matter for a proper order setting forth the conditions and restrictions with which the appellees must comply. It is the duty of the court in a de novo hearing to specify in its order all the terms and conditions thereof. It is error to merely make an order affirming or reversing the decision of the administrative body below.

■ Appellants' second claim of error involves F.R.I.C.'s failure to obtain a certificate of authority to transact business in Vermont. 11 V.S.A. § 2101(a). Appellants contend that applying for site plan approval constitutes "transacting business" within the meaning of § 2101(a). As a remedy for F.R.I.C.'s failure to obtain a certificate of authority, appellants ask this Court to reverse the superior court's decision affirming the grant of site plan approval and the issuance of the zoning permit. We do not reach this issue, because, although F.R.I.C. was the initial applicant for site plan approval, appellees McDonald's Corporation and Murphy Realty, Inc., which were both authorized to transact business in Vermont, later joined in the application, and the Planning Commission's ultimate order granted site plan approval to all three entities. The sole applicant for and recipient of the zoning permit was Murphy Realty, Inc. In light of these facts, appellants' claim of error is rendered moot. See *In re M. A. C.*, 134 Vt. 522, 365 A.2d 254 (1976).

■ In their third claim of error, appellants assert that the trial court should have denied the issuance of the zoning permit, because the evidence adduced at the de novo hearing

demonstrated violations of the regulations pertaining to signs, landscaping, and minimum setbacks.

In its findings of fact the lower court acknowledged that the evidence "suggested" that the proposed signs for the restaurant did not comply with the zoning regulations. In its conclusions of law the court "assumed" that the proposed signs were not in conformity with the regulations, but concluded that "the St. Johnsbury Planning Commission has the jurisdiction to correct or to require the applicants to modify their signs." The court's conclusion demonstrates that it did not waive strict compliance with the sign ordinance, as it could have done under § 324.7 of the regulations, but rather relied on the Planning Commission to strictly enforce that ordinance. This was error. Under the trial de novo mandate in 24 V.S.A. § 4472(a), the trial court has the duty to enforce, and the power to condition or waive, the zoning regulations in the same manner as the Zoning Board of Adjustment or the Planning Commission. The court cannot abrogate its obligation in such a hearing by leaving the issues of enforcement or waiver to the two administrative bodies. *Wright* v. *Preseault*, 131 Vt. 403, 410, 306 A.2d 673, 678 (1973); *McIntyre* v. *Malloy*, 130 Vt. 395, 398–400, 296 A.2d 222, 224–25 (1972). The cause must be remanded for a proper determination and order regarding the sign regulation.

■ Section 328.2 of the St. Johnsbury zoning regulations provides:

In any instance in which landscaping is required pursuant to any provision of this ordinance, compliance with the following regulations shall be considered to be the minimum landscaping necessary to satisfy the requirement of landscaping:

. . . .

(c) In any commercial district, a strip of land at least ten feet in width shall be maintained as a landscaped area in the front, side and rear yards, unless waived by the Planning Commission. . . .

Relying on the trial court's finding that "[t]he landscaping of the side yards of the site will not include a landscaped area at least ten feet in width," appellants argue that there was a

violation of the minimum ten-foot landscaping requirement in § 328.2(c). The sole provision in the regulations relating to landscaping, § 401.2, makes it discretionary with the Planning Commission whether to impose any landscaping limitations. In a de novo proceeding under 24 V.S.A. §§ 4472, 4475, that same absolute discretion rests in the trial court. *McIntyre v. Malloy, supra,* 130 Vt. at 399–400, 296 A.2d at 225. Upon remand, the trial court must enforce the ten-foot minimum landscaping requirement if, in the court's discretion, it imposes any landscaping restrictions. Such restrictions, as noted above, must be specified in the court's own order.

■ The trial court's finding that the site plan meets the required twenty-foot setback minimum is clearly erroneous. V.R.C.P. 52. Appellee does not seem to dispute the fact that the twenty-foot setback would pass through the proposed restaurant's trash enclosure. Appellee does contend that the evidence does not conclusively establish that the trash enclosure is subject to the required setback. This argument is precluded, however, by § 208.2 of the zoning regulations, which clearly indicates that all structures are subject to the minimum setback requirement. We would note that the lower court, on remand, may reduce or waive the minimum setback requirements under § 204.7 of the zoning regulations.

*Order vacated and cause remanded for the purpose of determining whether the zoning regulations pertaining to signs, landscaping, and setbacks will be waived, and if so, for a proper order setting forth the conditions and restrictions with which appellees must comply.*