```
                    Environmental Court of Vermont
                          State of Vermont

===============================================================
            E N T R Y   R E G A R D I N G   M O T I O N
===============================================================

JLD Prop. Wal*Mart Act 250 LU Permit (Altered),     Docket No. 116-6-08 Vtec
Project:     St. Albans Wal*Mart
Applicant:   JLD Properties
(Appeal from a determination by the District #7 Environmental Commission)


Title:        Motion to Dismiss VNRC's First Question on Appeal; No. 2

Filed:        September 15, 2008

Filed By:   John H. Hasen, Attorney for NRB Land Use Panel.

Response filed on 09/25/08 by Appellant VNRC; NRB-LUP reply filed 10/7/08.


 _X_ Granted              ___ Denied              ___ Other
```

Appellant Vermont Natural Resources Council ("VNRC") has provided notice pursuant to V.R.C.P. 33 and 34 of its request for discovery responses from Daniel Luneau, Chair of the District Commission that rendered the Act 250 Findings of Fact and Land Use Permit[1] that are the subject of this de novo appeal. VNRC asserts that the purpose of its requested discovery is to receive information in support of its Statement of Questions #1, which generally asserts that Mr. Luneau suffered from a conflict of interest of such a degree "under Vermont and federal law" as to warrant his recusal or removal from the District Commission proceedings conducted in connection with the Act 250 application now before this Court. Appellants' Statement of Questions at ¶ 1. VNRC further asserts that Mr. Luneau's alleged conflict was so serious as to now warrant that Permit #6F0583 (Altered) be voided and the pending application be remanded back to the District Commission, so that it may begin again its review of the pending application.[2] Id.

The Land Use Panel of the Vermont Natural Resources Board ("NRB") has joined Mr. Luneau's request for a protective order, prohibiting VNRC from demanding the requested discovery. That motion is the subject of a

---

[1] The Act 250 Findings and Permit (dated May 16, 2008) which are the subject of this Docket are actually an alteration of the original Act 250 Findings and Permit, issued by the District Commission on April 4, 2008. The original Findings and Permit are the subject of a separate appeal now pending before this Court. See In re JLD Prop./Wal*Mart Act 250 LU Permit, Docket No. 80-4-08 Vtec.

[2] An argument could be made that Permit #6F0583 (Altered) may already be voided or vacated, at least as to the issues preserved for our review in this appeal by Appellants' Statement of Questions and the Statement of Questions filed on behalf of the City of St. Albans, Cross-Appellant Vermont Agency of Natural Resources and Cross-Appellant Commons Associates. See, Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (Land use appeals heard by a trial court on a de novo basis are to be conducted "'as though no action whatever had been [previously] held.'"), quoting In re Poole, 136 Vt. 242, 245 (1978)).

separate Entry Order that is filed simultaneously herewith. NRB has also requested that Appellants' Question #1 be dismissed; that motion is the subject of this Entry Order.

Rules 33 and 34 govern how discovery may be conducted when directed to a party in litigation. Mr. Luneau is not a named party in these proceedings, nor has he sought interested person status in these proceedings. VNRC asserts that NRB's party status should be inferred to Mr. Luneau, since he is the Chair of a district commission governed by procedural rules established by the NRB. VNRC cites to Baisley v. Missisquoi Cemetery Ass'n, 167 Vt. 473 (1998) and In re Illuzzi, 159 Vt. 155 (1992)[3] to support its argument that an employee is a party to litigation involving their employer. But these cases do not speak to that issue; Baisley and Illuzzi speak to the impropriety of an attorney speaking directly to someone after the attorney has been put on notice that that person is represented by counsel. Baisley, 167 Vt. at 486-489; Illuzzi, 159 Vt. at 159-60. Illuzzi expressly rejects the notion of limiting its holding to parties to a lawsuit. Id. at 160. These cases speak to a much broader definition of "party" than those individuals who have commenced or been brought into litigation.

VNRC would have us define all Act 250 district commissioners as "parties" to the appeals brought before this Court. Such an argument gives the Court pause; we know of no authority for such a proposition. District commissioners are volunteers, appointed by our Governor (and not the NRB), who are encouraged to follow the procedural rules adopted by the NRB. We have not been made aware of any convincing authority that they are classified as NRB "employees," especially for the narrow purpose of being included as a party to this de novo land use appeal.

We therefore conclude that Mr. Luneau is neither an NRB employee, nor a "party" to this litigation. Thus, discovery may not be served upon him under the procedural rules governing the manner of discovery upon parties to civil litigation. V.R.C.P. 33 and 34. We next turn to whether VNRC's Question #1 should be dismissed.

Both VNRC and NRB refer the Court to this Court's determination on a conflict of interest claim raised in connection with the municipal land use proceedings for this same development. See In re JLD Properties Wal – Mart St. Albans, Docket No. 132-7-05 Vtec, Decision on Cross-Motions for Partial Summary Judgment (Vt. Envtl. Ct. Sept. 5, 2006). But the facts before us in this Docket do not support the analogies that either party here suggests. There has been no evidence presented in this proceeding of any overt acts that rose to the level of a "due process violation." Id. at 7. We have not been made aware of any acts by the District Commission Chair that exhibited a "disrespect for the integrity of the . . . proceedings" that were noted in the municipal proceedings. Id.

Even with the overt acts exhibited in the municipal proceedings, which the Court concluded were flagrant and disrespectful violations of due process, the Court declined to grant the requested relief of remand. Id. at 9. In the absence of such acts here, we cannot conclude that remand here is warranted. This Court is vested with the responsibility and discretionary authority to address this de novo appeal in such a

---

[3] VNRC provided an incorrect citation in its memorandum to the In re Illuzzi case. A further complication comes from the fact that there are several Vermont Supreme Court decisions titled "In re Illuzzi." Due to the issue addressed in VNRC's memorandum, we understand that VNRC intended to cite to the 1992 Illuzzi decision.

manner "as to ensure summary and expedited proceedings [to] a full and fair determination . . .." V.R.E.C.P. 1. The responsibilities bestowed upon this Court include the discretion to determine what and how discovery may be had – V.R.E.C.P. 2(d) – and the obligation to address all questions of fact and law brought before it on a de novo basis. V.R.E.C.P. 5(g).

Appellants' Question #1 represents at least the second occasion when some parties to the land use proceedings on this project believe that the proceedings below were not conducted in an impartial manner. The evidence presented in this Docket shows none of the overt prejudices evidenced in the municipal proceedings. Given this, and the tremendous time and resources that have already been expended by all parties, we conclude both that remand is not warranted here and that the Court's and the parties' resources are best devoted to a full and fair review of the substantive issues preserved for our determination in a de novo hearing before this Court. We therefore conclude as a matter of law that VNRC's Question #1 should be dismissed.

_____          __October 10, 2008_____
          Thomas S. Durkin, Judge                              Date
======================================================================
Date copies sent to: _____          Clerk's Initials _____
Copies sent to:

    (See attached service list)
    Attorney Jon Groveman for Appellant Vt. Natural Resources Council
    Attorney Jon Groveman for Appellant NW Cit. for Responsible Growth
    Attorney Jon Groveman for Appellant Marie Frey
    Attorney Jon Groveman for Appellant Richard Hudak
    Co-Counsel for Appellant Robert M. Hartwell
    Attorney Stewart H. McConaughy for Appellee JLD Properties
    Co-Counsel for Appellee Robert F. O'Neill
    Attorney David A. Barra for Interested Person Town of St. Albans
    Attorney Brian S. Dunkiel for Cross Appellant City of St. Albans
    Attorney Jon T. Anderson for Cross Appellant Commons Associates
    Attorney John H. Hasen for Natural Resources Board Land Use Panel
    Attorney Judith L. Dillon for Cross Appellant Agency of Natural Resources
    Attorney Trevor R. Lewis for the Vt. Agency of Transportation
    Attorney Mark L. Lucas for Natural Resource Board Water Resources Panel,
    (FYI purposes only)