STATE OF VERMONT
ENVIRONMENTAL COURT

In re Sweet Building Permit  {          Docket No. 19-2-12 Vtec
(Appeal of Peters) {

## Decision on Multiple Motions

Appellant Ms. Darlene Peters appeals the decision of the Town of Fletcher, Vermont Development Review Board (the DRB) to grant Applicants Robert and Linda Sweet a zoning permit for the placement of a mobile home on Applicants' property. Appellant is an adjoining property owner. Currently before the Court are cross motions for summary judgment filed by Applicants and Appellant. Both parties have filed motions for complete summary judgment.

## Statement of Undisputed Facts

For the purpose of putting the pending motions into context, we summarize the facts as follows; all facts are deemed undisputed for purposes of this motion unless otherwise noted.

1. The property that is the subject of this appeal is Lot 6B Hemlock Road, off of Town Highway 28 in the Rural District of Fletcher, Vermont (the Property).

2. Single-family homes on previously approved subdivided lots are permitted uses in the Rural District of Fletcher, Vermont.

3. Applicants acquired the entire Lot 6 in 2005 and subsequently subdivided it into Lots 6A and 6B. Lot 6A was transferred to Appellant and Applicants retained title to Lot 6B.

4. The Town of Fletcher received Applicants' permit application on October 18, 2011.

5. On or about October 17, 2011, Applicants placed the mobile home on Lot 6B.

6. The ZA issued a zoning permit for the mobile home on October 19, 2011, which Appellant appealed to the DRB.

7. In a decision dated January 19, 2012, the DRB affirmed the ZA's decision and granted Applicants a permit to place the mobile home on Lot 6B.

## Discussion

Appellants in this case appeal the DRB's decision to affirm the issuance of zoning permit #11-22 to Applicants. During the discovery process, Applicants filed a motion for summary judgment on all 12 of Appellant's Questions. In response, Appellant withdrew its Question 9 and filed a cross-motion for summary judgment on all of the remaining Questions. We first

1

address Appellant's Questions 1, 2, 3, and 11, as we find each of these Questions appropriate for dismissal. We then analyze both parties' arguments for summary judgment on the remaining Questions.

I.    **Dismissal of Questions 1, 2, 3, and 11**

    a.    **Questions 1, 2, and 3**

In this appeal, Appellant challenges the issuance of zoning permit #11-22. However, in her Statement of Questions, Appellant also raises the issue of whether the ZA and DRB acted within their authority by not commencing an enforcement action against Applicants. Appellant's Questions 1, 2, and 3 are as follows:

1. Whether placement of a mobile home on parcel 6B, Hemlock Road, Fletcher, Vermont without a zoning permit violated the Town of Fletcher Zoning Bylaw, including Sections 1.3(A) and 6.4(A)(2), and 24 V.S.A. § 4449(a)(1).

2. Whether placement of mobile home on parcel 6B, Hemlock Road, Fletcher, Vermont prior to the effective date of zoning permit #11-22 violates Town of Fletcher Zoning Bylaw Sections, including 6.4(F)(2), and 24 V.S.A. § 4449(a)(3).

3. Whether the Town Zoning Administrator's and the Town Development Review Board's (DRB) refusal to enforce the zoning ordinance and state law was permissible under Fletcher Zoning Bylaw, including Sections 6.1(B), 6.2(C), and 6.8, and 24 V.S.A. §[§] 4448(a) and 4452.

(Appellant's Statement of Questions at 1, filed March 7, 2012.)

Under 24 V.S.A. § 4472(a), however, a interested person seeking to appeal a municipal panel's action or failure to act must bring such an appeal to the appropriate municipal panel before appealing the issue to this Court. Appellant in this case has provided no evidence that she raised the DRB's alleged failure to enforce the Bylaw with an appropriate municipal panel. Furthermore, the only decision below that Appellant identifies in her Notice of Appeal in this case is the DRB's decision issued on January 19, 2012, in which the DRB affirmed the grant of zoning permit #11-22. The DRB decision, filed with the Court as an exhibit attached to Appellant's motion for summary judgment, makes no reference to any request for or decision regarding an enforcement action.

Accordingly, we **DISMISS** Appellant's Questions 1, 2, and 3 as outside the scope of this appeal. Both parties' motions for summary judgment on Appellant's Questions 1, 2, and 3 are rendered moot.

2

**b.     Question 11**

Appellant's Question 11 asks "[w]hether the application for zoning permit #11-22 for placement of a mobile home on parcel 6b . . . contains material misrepresentations, including material omissions, in violation of Fletcher Zoning Bylaw 6.4(G)(3) and 24 V.S.A. § 4470a."  The provisions cited by Appellant simply state that permit applications can be denied if the application contains material misrepresentations.  Bylaw 6.4(G)(3) also states that a permit can be voided or the applicant must at least reapply for a permit  if the original permit was granted based on material misrepresentations.  Thus, we read Appellant's Question 11 to ask whether Applicant made any material misrepresentations in the application it submitted to this Court.  The statutory provision cited by Appellant directs this Court to weigh all evidence submitted and consider whether either party has made a material misrepresentation.  24 V.S.A. § 4470a.  We are charged with the responsibility of assessing the credibility and weight to be afforded any evidence presented in the upcoming de novo hearing.  See 10 V.S.A. § 8504(h); 24 V.S.A. § 4470a.    Therefore, to the extent that Question 11 challenges the credibility of Applicants' presentation of evidence, the Question is unnecessarily duplicative of our procedural process in a de novo proceeding.  See In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 3 (Vt. Envtl. Ct. Aug. 30, 2012) (Durkin, J) (dismissing a question because it was unnecessarily duplicative of the Court's process in a de novo trial).

Accordingly, we **DISMISS** Appellant's Question 11 as unnecessarily duplicative of our procedural process in a de novo proceeding and both parties' motions for summary judgment on Appellant's Question 11 are rendered moot.

## II.     Summary Judgment

V.R.C.P. 56 sets out the standard for deciding motions for summary judgment, which is expounded upon in case law.  When considering cross-motions for summary judgment, we look at each motion individually and give the party opposing a motion the benefit of all reasonable doubts and inferences.  City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)).  We also accept as true all factual allegations made in opposition to a motion for summary judgment so long as they are supported by "specific citations to particular parts of materials in the record."  V.R.C.P. 56(c)(1)(A).  With this standard in mind, we now address the motions for summary judgment as they relate to the Appellant's remaining Questions.

3

### a.      Question 4

Appellant's Question 4 asks whether the mobile home, currently placed but not affixed to the ground on Lot 6B, should be moved "until and unless a zoning permit is properly issued and becomes effective." (Appellant's Statement of Questions at 1, filed Mar. 7, 2012). Essentially, Appellant's Question 4 is asking whether zoning permit #11-22 has been stayed. When a permit is appealed to the Environmental Division, the permit takes effect either 15 days after the appeal is filed or when the Court renders a decision on a motion for stay. 24 V.S.A. § 4449(a)(3). If the Court issues a stay, then the permit is suspended and no actions may be taken pursuant to the suspended permit. 10 V.S.A. § 8504(f)(1) states that a stay is automatically issued in only two instances: (1) an act or decision involving stream alteration permits or shoreline encroachment permits issued by the secretary and (2) the denial of interested person status by a board of adjustment, planning commission, or development review board. The pending appeal does not concern either of these scenarios. Thus, a stay did not automatically issue upon commencement of this appeal. It is still within the Court's discretion, however, to grant a stay on its own motion or upon a party's motion. 10 V.S.A. § 8504(f)(2).

In this case, Appellant did not file a motion for stay, nor did the Court issue a stay on its own motion. Therefore, the permit has not been stayed and took effect 15 days after Appellant filed her Notice of Appeal on February 22, 2012. We note however, that Applicants exercise the rights granted them by the permit at their own risk. Should the Court deny their permit application in this appeal, the actions taken pursuant to the permit will be deemed a violation of the Bylaws. See In re Irons, No. 94-6-04 Vtec, slip op. at 1 (Vt. Envtl. Ct. July 6, 2004) (Wright, J.) (cautioning that in a permit application appeal, the permit is "in effect," but applicant proceeds with the risk that the permit may be altered in the final decision), aff'd 178 Vt. 648 (2005).

Accordingly, we **GRANT** Applicants' motion for summary judgment and **DENY** Appellant's motion for summary judgment on Question 4 and find that the mobile home does not need to be moved until the Court renders a final decision on the permit application.

### b.      Question 5

Appellant's Question 5 asks whether a permit can be granted "without ensuring that the private road meets town road standards pursuant to Fletcher Zoning Bylaw Section 3.1(C)." (Appellant's Statement of Questions at 1, filed Mar. 7, 2012). Appellants challenge the sufficiency of the evidence presented to and relied upon by the DRB regarding compliance with

town road standards. This is, however, a de novo review. We cannot consider the evidence presented to the DRB, because we must hear this case as though there had been no proceeding below. V.R.E.C.P. 5(g); see In re Poole, 136 Vt. 242, 245 (1978) (defining a de novo trial as "one where the case is heard as though no action whatever had been held prior thereto").

Thus, we read Appellant's Question 5 to challenge the sufficiency of the evidence presented to this Court regarding compliance with town road standards. The only evidence presented to this Court regarding compliance with town road standards is the undisputed claim that Applicants received an access permit from the Town of Fletcher in 2006. Because we give the benefit of all reasonable doubt to the nonmoving party, however, and because there is some debate about the sufficiency of the evidence presented on this Question, we cannot decide Question 5 on summary judgment. See Fairpoint Commc'ns, 2009 VT 59, at ¶ 5. Both parties are encouraged to present evidence or challenge the sufficiency of evidence on this point at the merits hearing.

Accordingly, we **DENY** both parties' motions for summary judgment on Question 5.

### c. Question 6

Appellant's Question 6 asks "[w]hether the site plan included with the application for zoning permit #11-22 is adequate for issuance of a zoning permit under Fletcher Zoning Bylaw Section 6.4(B)(1)." (Appellant's Statement of Questions 2, filed Mar. 7, 2012). Because this is a de novo trial, we cannot consider the evidence submitted to the tribunal below. V.R.E.C.P. 5(g); see Poole, 136 Vt. at 245. Therefore, we read this Question to ask whether the site plan submitted to this Court is sufficient. Although Applicants feel that the site plan that they submitted to this Court is sufficient, Appellant is equally convinced that the site plan as submitted is deficient.[1] Appellant presents only one argument that actually pertains to the site plan submitted to this Court. Appellant argues that the relevant site plan is deficient because it fails to include "material information regarding the presence of a stream and wetland on the lot." (Appellant's Mot. for Summ. J. at 12, filed Oct. 3, 2012). The presence of wetlands and a stream on the lot are matters that are in dispute. A final determination on their presence or lack thereof is necessary in order to decide whether the site plan is adequate.

---

[1] We also note that most of the arguments presented in both parties' memoranda concern the site plan that was submitted to the DRB and not the one submitted to this Court.

5

Because we cannot grant summary judgment if there is a genuine dispute of material fact, we **DENY** both parties' motions for summary judgment on Appellant' Question 6. Both parties may present further evidence on the adequacy of the site plan at the merits hearing.

### d.    Question 7

Appellant's Question 7 asks "[w]hether the mobile home is currently placed in the permitted area as shown on zoning permit 11-22, and whether the lot and structure, as currently placed or permitted, meet the lot and setback requirements for the rural residential/agricultural district in Fletcher Zoning Bylaw Table 2.4-2." (Appellant's Statement of Questions at 2, filed Mar. 7, 2012). Because Applicants concede that the mobile home is not currently in its final location, we **GRANT** partial summary judgment on Question 7 in favor of Appellant and find that the mobile home is not currently in the location depicted in the permit (or in the site plan submitted to this Court).

Based on this holding, we address the remainder of Appellant's Question 7 only as it relates to the proposed final location of the mobile home. Both Applicants and Appellant agree that if the mobile home is placed on the Property in accordance with the site plan attached to Applicants' motion for summary judgment, it would comply with the zoning requirements in the Rural Residential/Agricultural District. (Appellant's Statement of Undisputed Material Facts ¶ 11, filed Oct. 3, 2012). Although we are encouraged by the parties' ability to reach an agreement on this issue, we cannot decide this question on summary judgment. Whether or not the proposed location meets all applicable setback requirements depends on a determination regarding the presence or absence of wetlands or a stream on the property. The existence of wetlands or a stream on the property will have a direct impact on the permissible location of the mobile home.

Because there is a genuine dispute regarding the presence and locations of those features on the property, we cannot answer Appellant's Question 7 on summary judgment. Accordingly, we **DENY** both parties' motions for summary judgment on the remainder of Appellant's Question 7.

### e.    Question 8

Appellant's Question 8 asks

[w]hether the placement of the mobile home at the bottom of a gully near a stream, without any foundation or supporting materials, and without evidence of drainage patterns from the land or the locations of streams and wetlands,

meets the Performance Standards in the Fletcher Zoning Bylaw Section 3.12(A)(3), which forbids the discharge of harmful wastes into any watercourse, wetland, or aquifer, and/or satisfies Fletcher Zoning Bylaw Section 3.7(B), which requires 25-foot setbacks from streams, ponds, and wetlands.

(Appellant's Statement of Questions at 2, filed Mar. 7, 2012). Although this Question seems to be almost hypothetical in nature, we read it as questioning whether the proposed final site plan will meet the requirements of Bylaw Sections 3.12(A)(3) and 3.7(B). Whether or not Applicants' proposed plan conforms to these provisions requires a final determination on the presence or absence of a stream and/or wetland on Lot 6B. Appellant contends that a wetland and stream exist on the property. In support of her contention, Appellant submitted the affidavit of a consulting ecologist, Jeffrey Parsons. The affiant states that he conducted a survey of Lot 6B from the shared boundary between Lots 6A and 6B but did not enter onto Lot 6B. Based on this limited survey, he claims that there are likely a stream and a wetland on the property. Absent any information regarding the acceptability of such a survey method in the relevant scientific community, we do not find the affidavit to be determinative. Moreover, Applicant has submitted evidence that no wetland has been marked or mapped on the property.

Because we cannot weigh evidence on summary judgment, if both parties submit evidence in accordance with V.R.C.P. 56(c)(1)(A), we consider the matter to be genuinely disputed. Estate of Alden v. Dee, 2011 VT 64, ¶16, 190 Vt. 401. Furthermore, we must give the benefit of all reasonable doubt to the non-moving party. Fairpoint Commc'ns, 2009 VT 59, at ¶ 5. Both parties have made some showing regarding the presence or absence of wetlands and streams on the property; therefore, there is a genuine dispute regarding a material fact. Thus, we cannot grant summary judgment to either party.

Accordingly, we **DENY** both parties' motions for summary judgment on the issue of whether the project meets Bylaw Sections 3.12(A)(3) and 3.7(B), a question we will decide after a final determination regarding the existence of a wetland or stream based on evidence presented at the merits hearing.

### f. Question 9

Appellant's Question 9 asked whether the proposed project required vegetative screening to comply with the Bylaw. Appellant has withdrawn Question 9 from consideration in this appeal.

### g. Question 10

Appellant's Question 10 asks

[w]hether a zoning permit for the mobile home on Lot 6B, Hemlock Road, Fletcher, Vermont may be granted under Bylaw Sections 6.4(B)(1) and (5) where the applicant did not complete zoning form #11-22 and where the application does not contain necessary information, including, but not limited to: (a) parcel location information, (b) parcel owner information, (c) the date the application was filed, (d) a description of the permit, (e) the parcel size, (f) information on the current use of the parcel, (g) construction dates, (h) information on sewers and water supply, (i) information regarding road access, (j) setback information, (k) a floor plan, or (l) an adequate site plan.

(Appellant's Statement of Questions at 2-3, filed Mar. 7, 2012). As we noted above, because this is a de novo proceeding, we may only consider this Question as it applies to the materials submitted to this Court. V.R.E.C.P. 5(g); see Poole, 136 Vt. at 245. Therefore, we read this Question as a challenge to the sufficiency and completeness of the application materials submitted to this Court.

Two issues prevent us from deciding this Question on summary judgment. First, neither party has presented any evidence in accordance with V.R.C.P. 56(c) regarding the sufficiency of the application before this Court. Although the parties in this case dispute whether the application is complete, neither party has supported its claim with citations to materials in the record. See V.R.C.P. 56(c). Second, discovery may not be complete and evidence is not yet closed. Absent a sufficient challenge at the summary judgment stage of the proceeding, Applicants are entitled to present further evidence on all issues pertinent to their application at the merits hearing. Therefore, the permit application cannot be deemed deficient prior to the close of evidence, and we consider this matter to be genuinely disputed. The parties may address this issue at the merits hearing.

Accordingly, we **DENY** both parties' motions for summary judgment on Appellant's Question 10.

### h. Question 12

Appellant's Question 12 asks whether an award of attorney's fees and costs is appropriate pursuant to 24 V.S.A. § 4470a "due to the material misrepresentations and omissions in the application for zoning permit #11-22." (Appellant's Statement of Questions 2, filed Mar. 7, 2012). Although an award of attorney's fees and costs is permissible under 24 V.S.A. § 4470a, such award is only appropriate after notice and hearing on the issue and only in

the event that the Court determines that the application contains material misrepresentations. In this case, no such determination has been made. Furthermore, even if we do determine that the application contained material misrepresentations, Applicant would still be entitled to a hearing on an award of attorney's fees and costs to Appellant. Therefore, we cannot determine whether an award of attorney's fees and costs is appropriate at this stage.

Accordingly, we **DENY** both parties' motions for summary judgment on Appellant's Question 12.

### Conclusion

For the reasons more fully detailed above, we **GRANT** Applicants' motion for summary judgment, and we **DENY** Appellant's motion for summary judgment on Appellant's Question 4, we **GRANT** partial summary judgment to Applicants on Appellant's Question 7, and we **DENY** both parties' motions for summary judgment on Appellant's Questions 5, 6, 8, 10, and 12, as well as the remaining portion of Appellant's Question 7. We also **DISMISS** Appellant's Questions 1, 2, and 3, as they are outside the scope of this appeal, and Appellant's Question 11, as it is unnecessarily duplicative of the Court's review process. Because Appellant withdrew her Question 9, the Questions remaining for review in our merits hearing in this appeal are Questions 5, 6, 8, 10, 12, and the remainder of Question 7. Please see the enclosed notice of hearing regarding Appellant's motion to compel.

Done at Berlin, Vermont this 12th day of December, 2012.

_____
Thomas G. Walsh,
Environmental Judge