**State of Vermont**
**Superior Court—Environmental Division**

═══════════════════════════════════════════════════════════════════

## E N T R Y   R E G A R D I N G   M O T I O N

═══════════════════════════════════════════════════════════════════

**University Mall, LLC & 205 DS LLC v. City of South Burlington**     Docket No. 102-8-12 Vtec
(Declaratory judgment action; original case filed with the Environmental Division)

Title:  Motion to Clarify or Transfer (Filing No. 2)

Filed:  February 12, 2013

Filed By:  Daniel P. O'Rourke, Attorney for Plaintiff University Mall, LLC

Response:  None

  _X_ Granted                    ___ Denied                    ___ Other

By Entry Order filed on January 29, 2013, this Court dismissed each of the five Counts in the declaratory judgment action originally filed with this Division of the Vermont Superior Court by University Mall, LLC and 205 DS, LLC (hereinafter collectively referred to as "Petitioners").  Petitioners thereafter sought clarification of this Court's dismissal or, in the alternative, transfer of their declaratory judgment action to the Civil Division of the Superior Court.  We have reviewed again our January 29, 2013 determinations and offer the following as a further explanation and clarification of the reasons for our dismissal of Petitioners' declaratory judgment action.  Our prior Order analyzed each Count of Petitioners' declaratory judgment action and concluded that each was beyond the scope of our jurisdiction.  For the reasons stated below, however, we conclude that transfer of this action to the Civil Division is appropriate in this case.

As stated in our prior Entry Order, Petitioners presented claims in this action that are beyond the scope of this Court's jurisdiction, which includes the de novo and on-the-record review of land use determinations that are appealed to this Court.  See 4 V.S.A. § 34(2) and 24 V.S.A. §§ 4471 and 4472(a).  A subset of that jurisdiction includes the review of constitutional challenges to specific provisions of a land use regulation.  24 V.S.A. § 4472(b).

Petitioners make no such claims in this action; their declaratory judgment action does not seek appellate review of municipal land use determinations.[1]  Rather, Petitioners' claims here are stated in the nature of an original declaratory judgment action that challenges whether the City Council of the City of South Burlington implemented interim zoning regulations in conformance with 24 V.S.A. § 4415(a) (Count I); whether some of the conditional use provisions in the interim regulation are authorized by the enabling statute (Court II); and whether the manner in which the City Council adopted the City's interim zoning regulations constituted procedural improprieties or violations of Petitioners' constitutional due process rights (Counts III, IV, and V).  Even if this Court were to consider Petitioners' constitutional challenges within

---

[1]  In fact, Petitioners have filed a separate action with this Court requesting appellate review of the determinations made on their municipal land use application.  See In re Univ. Mall, LLC & 205 DS LLC CU Application Appeal, No. 100-7-12 Vtec.

the context of an actual appeal from a decision on Petitioners' land use application,[2] it would be improper for this Court to address the claims alleged in Counts III, IV, and V, since our consideration of Petitioners' actual appeal from the decision on their permit application must be heard de novo.

Appellate review on a de novo basis requires that we <u>ignore</u> the action taken by the panel appealed from and render our own determinations on the legal issues preserved for our review, based upon the evidence presented at a de novo hearing before this Court. <u>In re Poole</u>, 136 Vt. 242, 245 (1978) (explaining that de novo review under 24 V.S.A. § 4472(a) requires that the appeal "is heard as though no action whatever had been held prior thereto[;] [a]ll the evidence is heard anew," and the court renders its decision "as though no decision had been previously rendered.")  While the <u>Poole</u> precedent is nearly thirty-five years old, it is continually cited by this Court and the Vermont Supreme Court; the directives of <u>Poole</u> remain illustrative to this day.

The evidence presented to and the action taken by the municipal panel is not for our consideration in a de novo appeal. <u>Id</u>.  Since we have no proper role in assessing the wisdom or legality of a lower tribunal's land use determination in a de novo appeal, it is improper for this Court to adjudicate Petitioners' declaratory judgment action.

We now turn to Petitioners' request that, rather than dismiss their action, we transfer it to the Civil Division.  With the restructuring/unification of the Vermont Judiciary in 2010, all of Vermont's trial courts were reconstituted as one Superior Court, with individual divisions entitled the Criminal, Civil, Family, Probate, and Environmental Divisions.  4 V.S.A. § 30(a)(1).  Petitioners' counsel correctly notes that "the transfer of cases between divisions" was anticipated in this restructuring process.  See 4 V.S.A. § 30(a)(2) ("The supreme court shall promulgate rules, subject to review by the legislative committee on judicial rules under chapter 1 of Title 12, which establish criteria for the transfer of cases between divisions.")

This is the first occasion that this Court has been asked to consider such a transfer.  While the Supreme Court has not yet promulgated specific rules governing the transfer of cases from the Environmental Division, the Supreme Court itself recently directed that a case originally filed in the Family Division be transferred to the Civil Division.  See <u>Gould v. Robinson</u>, No. 2012-312 (Vt. Feb Term,[3] 2013) (unpub. mem.).  The <u>Gould</u> case involved a request for relief from abuse filed by someone who was not a domestic partner or co-habitator with the alleged abuser.  Thus, jurisdiction over such emergency abuse claims had once been (and remains) within the sole jurisdictional authority of the "superior court." <u>Id</u>. at 2; see also 12 V.S.A. § 5132(a).  The <u>Gould</u> Court concluded that the Civil Division was the proper venue for this abuse claim and not the Family Division.  However, the Court reasoned that since authority to hear such claims now rests with the unified Superior Court, the Supreme Court directed that the claim be transferred to the Civil Division of the Superior Court and remanded

---

[2] 24 V.S.A. § 4472(b) authorizes the consideration of challenges to "the constitutionality of any one or more of the provisions of any [zoning] bylaw or municipal plan."  Petitioners' Counts III, IV & V <u>do</u> <u>not</u> raise such a challenge.  Rather, Petitioners' claims represent challenges to the actions taken and procedures followed by the City Council.  Our critique of the procedures followed by the City Council would be improper, as explained above.

[3] This entry order of a three-justice panel has not yet been made available on the Vermont Judiciary web site or on any legal research sites available to this Court.  We have placed a copy of this entry order in the file of this declaratory judgment action, so that any individual who wishes to receive a copy may request one from the Court Operations Manager.

the claim to that Division, so that it could properly address the claim. The question before us now is whether this Court may likewise transfer venue to a different division of the Superior Court when such transfer would be appropriate.

Although decisions by a three justice panel are not precedential, we believe that the Gould entry order provides helpful guidance that would favor transfer in this case. Moreover, we note that the Vermont Rules of Environmental Court Procedure allow this Court to "make other orders that will promote expeditious and fair proceedings and avoid unnecessary costs or delay" when the same violation or project involves multiple proceedings before this Court or when different violations or projects share common issues of law and fact. V.R.E.C.P. 2(b). Although we generally rely on this provision in coordinating cases within our own docket, we believe that under the facts and circumstances of this case, it would not be inappropriate to read Rule 2(b) as enabling us to transfer a case to another division when the interests of justice, jurisdictional constraints, and judicial economy so require.

Here, Petitioners brought a declaratory judgment action involving interim zoning regulations before this Court. Their decision to do so can hardly be characterized as illogical, given the nature of cases that this Court typically considers. Indeed, the question of this Court's jurisdiction was a complex one to answer. See Univ. Mall, LLC & 205 DS LLC v. City of So. Burlington, No. 102-8-12 Vtec (Vt. Super Ct. Envtl. Div. Jan. 29, 2013). While we could dismiss this action, we believe it best to **GRANT** Petitioners' request to transfer their declaratory judgment action to the Civil Division, Chittenden Unit, of our Superior Court. Jurisdiction over declaratory judgment actions, or at least "venue" (to use the parlance of Gould), rests with the respective civil divisions of our Superior Court. See 12 V.S.A. § 4711. Given the specific directives established during the restructuring/unification of the Vermont trial courts, we believe it unnecessary, and perhaps absurd, to dismiss this action in this environmental docket, given that Petitioners would be entitled to re-file their action in the appropriate unit of the civil division. While this Docket is only months and not years old, it seems inefficient to require that Petitioners re-file in a different division, pay an additional filing fee, and re-serve the necessary parties.

Based upon the above, we hereby **TRANSFER** this declaratory judgment action to the Civil Division, Chittenden Unit, of the Vermont Superior Court. Our Court Manager shall see to the transfer of the entire file, so that the Court Operations Manager for the Chittenden Unit, Civil Division may include all filing thus far made here in a new docket established by that Court. The Environmental Division Court Manager shall only retain for her records a "dummy file," with copies of our docket entries and entry orders.

This Entry Order concludes the matter before this Court in this Docket.

_____          ____April 9, 2013____
          Thomas S. Durkin, Judge                                    Date

=============================================================================

Date copies sent to: _____                          Clerk's Initials _____

Copies sent to:

  Daniel P. O'Rourke, Attorney for Plaintiffs University Mall, LLC and 205 DS, LLC
  John H. Klesch, Attorney for Defendant City of South Burlington
  Phillip C. Woodward, co-counsel for Defendant City of South Burlington.