STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 181-12-13 Vtec |

| | |
|---|---|
| Buchwald Home Occ. Cond.Use Permit | ENTRY ORDER |

**Decision on Motions**

On September 10, 2012, the City of Burlington Development Review Board (the DRB) granted Adam Buchwald a permit to operate a musical instrument repair and construction shop as a home occupation in half of the garage located at his residence at 292 South Prospect Street, Burlington, Vermont (the 2012 permit). The 2012 permit did not allow customer visits to Mr. Buchwald's home occupation. This 2012 permit was not appealed and is not before the Court. Barbara Headrick, a neighboring property owner, appeals the December 2, 2013 DRB approval of Mr. Buchwald's application to expand his home occupation to include the entire garage and to allow customers, one at a time, to visit the home occupation. Pending before the Court are four motions in this appeal.

The first is Ms. Headrick's motion to amend her Statement of Questions. At the initial status conference in this matter, pursuant to Vermont Rules for Environmental Court Proceedings Rule 2, the Court expressed concern that Ms. Headrick's Statement of Questions was in narrative form and contained commentary and other evidence not appropriate for the Statement of Questions. In response, Ms. Headrick filed her motion and an Amended Statement of Questions.

The second motion we consider is Mr. Buchwald's request that the court strike or dismiss certain questions as irrelevant or outside the scope of the appeal.

Third, Ms. Headrick filed a "Motion to Request a Technical Review." Although unclear, this motion seems to ask the Court to direct some third party of the Court's choosing to test the noise resulting from Mr. Buchwald's home occupation.

Finally, Ms. Headrick filed a motion to compel discovery. Subsequent to her Motion to Request a Technical Review, Ms. Headrick asked Mr. Buchwald to allow her and her own sound engineer onto the premises to conduct the desired sound tests. Mr. Buchwald objected to this request. He argues that the testing is inappropriate and unnecessary because the use of the equipment in question was approved in 2012 and the pending appeal relates only to the approved expansion of the space in which he operates that equipment. Ms. Headrick's motion to compel asks the Court to require Mr. Buchwald to cooperate with her request for access in order to conduct the testing. We address these four motions in turn.

1

## I.     Motion to Amend Statement of Questions.

"Like motions to amend a complaint under V.R.C.P. 15, motions to amend a Statement of Questions are to be liberally granted . . . ."  In re Ridgewood Estates Homeowners' Ass'n & Indian Creek Homeowners' Ass'n, No. 57-4-10 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 26, 2011) (Wright, J.).  In determining whether to grant a motion to amend the Statement of Questions we consider the same factors as the civil division considering a motion to amend a complaint; that is, we consider whether there has been undue delay or bad faith by the moving party, whether the amendment will prejudice other parties, and whether the amendment is futile.  Colby v. Umbrella, Inc., 2008 VT 20, ¶ 4, 184 Vt. 1; In re Huntington Remodeling Application, No. 210-10-07 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Nov. 5, 2008) (Durkin, J.).

Ms. Headrick filed her Amended Statement of Questions well before trial and within the specific timeframe established by the Court during the initial pre-trial conference.  The Amended Statement of Questions focuses on the legal issues for which Ms. Headrick seeks this Court's review and omits the background facts and narrative contained within her initial filing.  Mr. Buchwald seeks to strike or dismiss a number of the questions as irrelevant or outside the scope of the appeal, but these issues relate to the substance of Ms. Headrick's concerns which are simply presented with greater clarity in the amended Statement of Questions.  As we find the motion to amend was filed in a timely manner, in good faith, and does not prejudice any party we **GRANT** Ms. Headrick's motion to amend her Statement of Questions.

## II.    Motion to Strike or Dismiss Questions.

We next consider Mr. Buchwald's request that the Court strike, or dismiss, a number of Ms. Headrick's amended questions.  Specifically, Mr. Buchwald asks the Court to dismiss questions 1–13, 15, 16, and 19–26 as not relevant and/or beyond the scope of the appeal.  We consider this motion under Vermont Rule of Civil Procedure 12(b)(6) as it seeks dismissal of Ms. Headrick's questions for their failure to state issues on which the Court can grant Ms. Headrick relief.  In ruling on Mr. Buchwald's Rule 12(b)(6) motion, we must assume the factual allegations made by Ms. Headrick are true and can only grant dismissal if "it appears beyond doubt that there exist no facts or circumstances that would entitle [Ms. Headrick] to relief." Colby, 2008 VT 20, ¶ 5 (citing Alger v. Dep't of Labor & Indus., 2006 VT 115, ¶ 12, 181 Vt. 309).

Question 1 asks whether the Court will consider Mr. Buchwald's compliance with the 2012 permit, discrepancies in Mr. Buchwald's representations, and whether such evidence would be helpful in setting conditions on the expansion application.  To the extent this question relates to whether Mr. Buchwald is in compliance with the 2012 permit he received, it raises an issue not before the Court.  This appeal is not an enforcement action, and the 2012 permit was not appealed and is therefore final.  24 V.S.A. § 4472(d).  The remainder of the question asks about the admissibility or relevance of evidence not yet before the Court and does not ask a question for which the Court could grant relief to Ms. Headrick.  Question 1 is therefore **DISMISSED.**

Question 2 asks whether the City had a conflict of interest during the DRB hearing and regarding permit enforcement.  Although bias of a decision maker can be a legitimate concern before this Court, we caution that in our de novo review we consider the matter anew and are

generally not concerned with the details of the proceedings below. 10 V.S.A. § 8504(h); In re Poole, 136 Vt. 242, 245 (1978) ("A de novo hearing is one where the case is heard as though no action whatever has been held prior thereto."). Potential bias of a municipal decision maker is generally cured by this de novo review. In re JLD Props. of St. Albans, LLC, 2011 VT 87, ¶ 10, 190 Vt. 259. We cannot say, however, that it is beyond doubt that there are no facts that could entitle Ms. Headrick to relief at this time, so the motion to dismiss Question 2 is **DENIED.**

Questions 3–11 ask about the nature of the project, originally approved in 2012, and how it should be defined regarding its use category and whether based on that definition it is a permitted use, a conditional use, or a nonconforming use. While Mr. Buchwald is correct that Ms. Headrick is precluded from collaterally attacking the original permit granting him the right to use half of his garage as a home occupation, these questions may be relevant to the determination of how to consider his expansion application. At this early stage of the proceedings, we find that it is not "beyond doubt that there exist no facts or circumstances that would entitle [Ms. Headrick] to relief" pursuant to Questions 3-11.

Questions 12, 13, 16, and 21 all ask whether certain impacts on Ms. Headrick are grounds for the Court to deny Mr. Buchwald's expansion application. These are proper questions before the Court. Mr. Buchwald has failed to show that it is beyond doubt that under these questions there are no facts or circumstances that could entitle Ms. Headrick to relief. Therefore, the motion to dismiss Questions 3–13, 16, and 21 is **DENIED.** Many of Ms. Headrick's questions refer to "the enterprise." We stress that in the appeal before us, we will review the application to modify the previously approved home occupation; we will not review the 2012 approved home occupation.

Question 15 asks whether Mr. Buchwald should be required to obtain space elsewhere for his expansion because Ms. Headrick can already hear noise from the existing permitted use. To the extent Question 15 and other questions ask whether the expansion will cause adverse effects on Ms. Headrick, this issue is properly before the Court and is contained elsewhere in her Amended Statement of Questions. The Court cannot, however, require Mr. Buchwald to seek some other space but can only decide whether his proposal complies with the regulations. In Question 19, Ms. Headrick asks whether an additional worker should be prohibited. Mr. Buchwald has not requested or applied for permission to hire an additional worker and therefore this question is not before the Court in this appeal. Questions 15 and 19 are therefore **DISMISSED.**

Question 20 asks whether the Findings of Fact in the DRB's 2012 permit approval can be revised in subsequent hearings. Question 22 asks whether noise from Mr. Buchwald's operation in the area of his garage approved by the 2012 permit should be grounds for denial of his permit to expand. As mentioned above, the earlier permit was not appealed, is therefore final, and cannot now be collaterally challenged in this appeal. These two questions related entirely to the existing permit and the purported impacts of that permitted use on Ms. Headrick. We cannot grant Ms. Headrick relief based on the existing permitted use or the unappealed 2012 Permit, nor can we reconsider, alter, or amend the DRB decision. Mr. Buchwald's motion to dismiss these questions is **GRANTED** and Questions 20 and 22 are **DISMISSED.**

3

Questions 23–25 ask about other home occupations or other uses in the area and how they operate.  The issues before the Court are limited to the permit application to expand an existing, permitted home occupation.  Questions about other home business operations elsewhere in the City are not issues for which the Court could grant Ms. Headrick relief and are not relevant to this appeal.  Again, we note that the prior decision approving Mr. Buchwald's instrument repair and construction business as a home occupation is not before the Court and cannot be challenged.  Questions 23–25 are therefore **DISMISSED.**

Finally, Question 26 asks about amending the Findings of Fact in the 2013 DRB decision that is the subject of this de novo appeal.  We review Mr. Buchwald's application as though no action was taken by the DRB and therefore the accuracy of the DRB's Findings of Fact is not a question properly before the Court.  Question 26 is **DISMISSED.**

### III.	Motion for Technical Review and Motion to Compel Discovery.

Ms. Headrick's initial motion to request technical review, although unclear, appears to ask the Court, at the State's expense, to hire a sound engineer to test the noise impacts of Mr. Buchwald's proposed home occupation expansion.  The Court has no such authority.   Each party before the Court bears its own burden of proving its case.  Therefore, the motion to request a technical review is **DENIED**.

Ms. Headrick's motion to compel discovery asks the Court to require Mr. Buchwald to accommodate Ms. Headrick and her engineer and allow them to test the noise caused by his home occupation.  We consider this request as being brought under Vermont Rule of Civil Procedure 34 for purposes of inspection and measuring the operation of Mr. Buckwald.  Mr. Buchwald, in his response to Ms. Headrick's motion to request a technical review, indicates that regardless of who pays for the study he is opposed to allowing access because the review is unnecessary and irrelevant.  We disagree.

Although Ms. Headrick cannot challenge the 2012 permit, an analysis of the noise caused by Mr. Buchwald's expansion activities as experienced from Ms. Headrick's property may be relevant to the question of whether the expansion of Mr. Buchwald's space will have adverse noise impacts on Ms. Headrick.  As this information falls within the broad scope of discoverable information under Vermont Rule of Civil Procedure 26, Ms. Headrick is entitled to undertake this review.  It is unclear to the Court whether the equipment used by Mr. Buchwald has already been moved to the DRB approved expansion area in the garage or whether locating the equipment in that half of the garage for the purpose of testing would be a reasonable accommodation Mr. Buchwald could make in allowing Ms. Headrick and her expert to collect the identified information.  While we require Mr. Buchwald to cooperate with Ms. Headrick's request for access, we recognize that he need only make reasonable accommodation in allow Ms. Headrick access to his property to conduct the tests.  These reasonable accommodations may include running certain pieces of equipment at specific times to allow for sound and noise observation and measurements.  Ms. Headrick's Motion to Compel is therefore **GRANTED,** although limited in scope.

4

## Conclusion

Ms. Headrick's motion to amend her statement of questions is **GRANTED**. Mr. Buchwald's motion to dismiss certain of Ms. Headrick's questions is **GRANTED in part** and **DENIED in Part**; Questions 1, 15, 19, 20, and 22–26 are **DISMISSED**, while all other Questions remain at issue. Ms. Headrick's motion to request a technical review is **DENIED**. Ms. Headrick's motion to compel discovery to allow access to Mr. Buchwald's property in order to conduct a noise study of Mr. Buchwald's proposed expanded operationsis **GRANTED**.

Electronically signed on April 01, 2014 at 03:51 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant Barbara Headrick
Kimberlee J. Sturtevant (ERN 4778), Attorney for Appellee City of Burlington
Appellee Adam Buchwald

5