**STATE OF VERMONT**
**SUPERIOR COURT — ENVIRONMENTAL DIVISION**

|  }  |  |
|---|---|
| In re Northeast Materials Group, LLC       } | Docket No. 143-10-12 Vtec |
| } | |

### Decision on Motion to Clarify / Dismiss Appellants' Questions

This dispute concerns the appeal of a September 28, 2012 jurisdictional opinion (JO) of the District 5 Environmental Commission Coordinator (District Coordinator), which determined that North East Material Group's (Applicant) rock crushing operations, located at the Rock of Ages Quarry in the Town of Barre, Vermont, do not constitute a substantial change to a development in existence prior to Act 250 and therefore do not require an Act 250 permit.[1] Thirteen citizens, collectively "Neighbors for Healthy Communities" (Appellants), appealed the decision and pose eleven questions for this Court's review. We now consider Applicant's motion to clarify and dismiss certain of the questions within Appellants' Statement of Questions.

### Factual Background

To put the pending motions into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1. The Rock of Ages Quarry has operated in Barre for around 100 years.

2. The rock crusher in question, operated by Applicant, began operating in 2009 subject to a December 17, 2008 JO, No. 5-01, which determined that the crushing operation did not constitute a "substantial change" and did not require an Act 250 permit.

---

[1] The procedural history of the motion now pending encompasses the following:

- November 2, 2010: District Coordinator Ed Stanak issued a JO finding that the addition of a crusher at the quarry did not constitute a substantial change.

- May 3, 2012: Appellants requested a JO on whether the addition of a crusher constituted a substantial change.

- May 16, 2012: District Coordinator Boolie Sluka issued a JO declining to overturn District Coordinator Stanak's November 2, 2010 JO. Appellants requested reconsideration of District Coordinator Sluka's decision.

- September 28, 2012: District Coordinator Warren Foster issued a JO declining to overturn District Coordinator Sluka's May 16, 2012 decision, again finding that Applicant's rock crushing operations do not constitute a substantial change and therefore do not require an Act 250 permit. Appellants' appeal of Mr. Foster's September 28, 2012 decision is now before us.

3.     Jurisdictional determinations made in 2010 and 2012[2] found that rock crushing operations on the Rock of Ages site did not constitute a substantial change to a preexisting condition and therefore that the associated rock crusher did not require an Act 250 permit.

4.     On April 11, 2012, Applicant filed an application with the District 5 Environmental Commission (Commission) to operate a 180 ton/hour hot mix asphalt plant on the Rock of Ages property.

5.     After determining that the application was complete, the District Coordinator noticed the asphalt plant application for hearing on April 26, 2012.

6.     On January 24, 2013 the Commission approved the application and issued the permit, later modified by a decision on motions to alter dated February 26, 2013. In re: North East Materials Group, LLC, No. 5W0966-6 (altered), Land Use Permit (Dist. 5 Envtl. Comm'n, Feb. 26, 2013).

7.     Appellants appealed the issuance of that land use permit to this Court; that appeal is currently a separate case, to be decided independently. In re N.E. Materials Grp. Am. Act 250 Permit, No. 35-3-13 Vtec. The only case at issue here is Appellants' appeal of the September 28, 2012 JO finding that Applicant's rock crushing operation is not subject to Act 250 review.

### Discussion

Appellants' Statement of Questions consists of eleven questions, some of which contain multiple sub-parts. Applicant requests that we reduce Questions 1–4 and 6–9 into a single question, and that we dismiss Questions 5, 10, and 11.

**I.     Motion to Clarify Questions 1–4 and 6–9.**

Applicant requests that this Court clarify and consolidate Appellants' Questions 1–4 and 6–9 into the following single question:

> Whether the operation by NEMG of a rock crusher in the existing Rock of Ages stone quarry in Barre Town, Vermont, is not a "substantial change" to Rock of Ages' preexisting earth extraction/processing operations and therefore does not require an Act 250 Permit.

(Applicant's Mot. to Clarify/Dismiss Appellants' Statement of Questions at 1, filed Dec. 13, 2012.)

---

[2]  The 2012 determination was reconsidered in September of 2012; Appellants now appeal that reconsideration decision to this Court.

The statement of questions should be a "short and plain statement," V.R.C.P. 8(a), that provides notice to other parties and this Court of the "questions that the appellant desires to have determined" in the appeal. V.R.E.C.P. 5(f). The statement of questions informs the parties of the issues that are being appealed and sets the parameters of the appeal. In re Frostbite Mine, No. 12-1-11 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Nov. 3, 2011) (Durkin, J.). Furthermore, parties "are entitled to a statement of questions that is not vague or ambiguous, but is sufficiently definite so that they are able to know what issues to prepare for trial." In re Sheffield Wind Project, No. 252-10-08 Vtec, slip op. at 15 (Vt. Envtl. Ct. Sept. 29, 2009) (Wright, J.) (quoting In re Unified Buddhist Church, Inc., Indirect Discharge Permit, Docket No. 253-10-06 Vtec, slip op. at 5 (Vt. Envtl. Ct., May 11, 2007) (Wright, J.)). See also, V.R.C.P. 12(e) ("If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.") We see no legal precedent for granting a request to make questions less, rather than more, specific.

Applicant argues that Appellants' Questions 1–4 and 6–9 "simply restate different aspects of the 'substantial change' test recited in *Hale Mountain Fish and Game Club, Inc.*" (Applicant's Mot. to Clarify/Dismiss Appellants' Statement of Questions at 4, filed Dec. 13, 2012.) Beyond these semantic concerns, Applicant cites no legal precedent that would justify reducing eight of Appellants' questions to a single question. Applicant's argument that the questions are repetitive and that Applicant's proposed consolidated question subsumes all aspects of the preexisting development/substantial change test does not justify a re-write of Appellants' questions. Appellants' Questions 1–4 and 6–9 are not vague or ambiguous, nor do they create confusion about the issues being appealed; rather, they give all parties notice of the issues being appealed so any necessary discovery can be conducted, and they define the scope of the appeal. Questions 1–4 and 6 address specific elements of the "preexisting development" test, and Questions 7–9 refer to particular elements of the "substantial change" test. We decline to require the revision of Questions 1–4 and 6–9 simply because Applicant prefers a broader single question encompassing the same scope of review.

Furthermore, this Court will deny a motion to amend a statement of questions if such an amendment will prejudice the other party. In re Ridgewood Estates Homeowners Ass'n, No. 57-4-10 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 26, 2011) (Wright, J). Here, consolidating eight of Appellants' questions into the single question that Applicant proposes

3

could prejudice Appellants by potentially barring from this Court's review the question of whether the rock crushing operation constitutes a preexisting development, because Applicant's proposed question asks only whether the operation of the rock crusher constitutes a substantial change to the presumably preexisting earth extraction operation. Appellants have clearly raised the preliminary question of whether the rock crusher constitutes a preexisting development, and this Court declines to amend the Statement of Questions in a way that <u>might</u> obscure that issue on review. For the reasons stated above, we **DENY** Applicant's motion to clarify/consolidate Appellants' Questions 1–4 and 6–9.

## II.     <u>Motion to Dismiss Questions 5 and 10.</u>

Applicant requests dismissal of Appellants' Questions 5 and 10 as inappropriate for this Court's review in a *de novo* proceeding, essentially alleging that such determinations are beyond this Court's subject matter jurisdiction. Appellants argue in response that reviewing the evidence relied upon by the District Coordinator is relevant in determining whether Applicant's rock crushing operation does in fact qualify as a preexisting development or a substantial change to such a development.

Question 5 and 10 read as follows:

5. Whether Rock of Ages and NEMG have provided sufficient evidence of the scope of any pre-1970 crushing operations and any post-1970 crushing operations to form a basis for an exemption from Act 250 jurisdiction under 10 V.S.A. § 6081(b) and Act 250 Rule 2(C)(8).

10. Whether the following allegations by Rock of Ages and NEMG, and relied upon by the District Coordinator in finding that NEMG's crushing operations occurring on Rock of Ages property are part of a "preexisting development," have any evidentiary support.[3]

(Appellants' Statement of Questions at 2, filed Nov. 14, 2012.)

In a *de novo* proceeding, this Court does not consider any previous decisions or proceedings below; "rather, we review the application anew as to the specific issues raised in the statement of questions." <u>In re Whiteyville Props. LLC</u>, No. 179-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Dec. 13, 2012) (Durkin, J.); see also <u>Chioffi v. Winooski Zoning Bd.</u>, 151 Vt. 9, 11 (1989) (quoting <u>In re Poole</u>, 136 Vt. 242, 245 (1978) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto.'")).

---

[3] Question 10 then contains 13 subparts, stating certain factual allegations listed in Warren Foster's September 28, 2012 JO.

Question 10 refers directly to the findings made by the District Coordinator and asks whether those findings have evidentiary support. In this *de novo* appeal, this Court does not review or consider the findings made by the District Coordinator below. If, during the course of this *de novo* appeal, Applicant offers the particular statements referenced in Question 10, we will review the proffered evidentiary support before this Court for such statements. Question 10, which focuses on allegations and evidence in the proceeding below that may or may not be made in the instant *de novo* appeal, is not relevant to our review.

Question 5 is also inappropriate for this Court's review. Question 5 asks whether Applicant has provided adequate evidence to establish that the crushing operation is exempt from Act 250 jurisdiction under 10 V.S.A. § 6081(b) and Act 250 Rule 2(C)(8). In other words, it asks whether the crushing operation qualifies as a preexisting development under Act 250. This question is directly duplicative of Appellants' Question 1, which asks "Whether there was a 'pre-existing development' involving a crusher on property owned by Rock of Ages as of the effective date of Act 250 (June 1, 1970), within the meaning of 10 V.S.A. § 6081(b) and Act 250 Rule 2(C)(8)." (Appellants' Statement of Questions at 1, filed Nov. 14, 2012.) Question 5 is essentially Question 1 re-worded; both questions challenge whether Applicant's crushing operation qualifies as a preexisting development. Again, this Court will look at the evidence presented by both parties to determine whether the crushing operation at issue is exempt from Act 250 jurisdiction as a preexisting development. Whether adequate evidence was presented to a lower adjudicative body to establish such an exemption is irrelevant to our review. For these reasons, we **GRANT** Applicant's motion to dismiss Questions 5 and 10.

### III.   Motion to Dismiss Question 11.

Finally, Applicant requests that we dismiss Appellants' Question 11, which asks "Whether the impacts from the crushers should be included in the review of NEMG's Act 250 application for a proposed asphalt plant." (Appellants' Statement of Questions at 3, filed Nov. 14, 2012.)

Appellants have appealed Applicant's Act 250 Land Use permit to operate a hot mix asphalt plant on the Rock of Ages property; this appeal is a separate proceeding. The scope of the asphalt plant application/permit—including whether it should include the gravel crusher—is properly considered in the separate appeal, rather than in this appeal. Moreover, we disagree with Appellants' assertion that the question of whether a project should include additional elements is properly raised in a request for a jurisdictional opinion under Rule 3 of the Natural

Resources Board Lane Use Panel's Act 250 Rules. Rule 3 allows requests for jurisdictional opinions only as to "whether an activity constitutes a development or a subdivision" subject to Act 250 jurisdiction, not as to whether an activity subject to Act 250 jurisdiction should encompass additional elements or corresponding impacts. That is a question properly raised within the review of the application itself and in related appeals of any resulting determinations. We therefore **GRANT** Applicant's motion to dismiss Question 11.

Based upon the above, Appellants' Questions 1-4 and 6-9 remain at issue for the merits hearing in the matter. On or before May 24, 2013, parties shall provide in writing to the Court their dates of UNAVAILABILITY for September, October, and November, 2013 for a two day trial.

Done at Burlington, Vermont this 9th day of May, 2013.


_____

Thomas G. Walsh, Environmental Judge