STATE OF VERMONT
SUPERIOR COURT - ENVIRONMENTAL DIVISION

}
}
}
In re Donovan Conditional Use            }
Permit Application                       }                    Docket No. 83-6-12 Vtec
}
}

### Decision on the Merits

Currently before the Court is Appellee Sean Donovan's (Applicant) application for conditional use approval to operate an auto repair shop at 3335 Hale Road (Property) in the Town of Waterford (Town). Adjoining land owner Howard Remick (Appellant) appealed the May 28, 2012 decision by the Town of Waterford Development Review Board (DRB) granting Applicant a conditional use permit with conditions. In his Statement of Questions,[1] Appellant (1) alleges improper notice; (2) argues that Applicant's proposed use should be characterized as an "auto service station" under the Waterford Zoning Bylaw (Bylaw) and that the Property lacks sufficient lot size for that use; and (3) alleges that Applicant made a misrepresentation of material fact on his conditional use application concerning a "watercourse" on or adjacent to the Property.

In advance of trial, Applicant filed a Motion for Summary Judgment and Appellant cross-moved for summary judgment. In a March 11, 2013 decision we granted summary judgment in Applicant's favor on the issue of notice and we also concluded that the proposed use cannot be characterized as an "auto service station," and therefore, Bylaw § 316 requiring a minimum lot size of two acres does not govern this application. In re Donovan Conditional Use Permit Application, No. 83-6-12 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Mar. 11, 2013) (Walsh, J.). Lastly, due to a dispute of material fact, we denied summary judgment to both parties as to any alleged misrepresentation. Id. at 4. Applicant filed a second motion for summary judgment arguing that although he omitted the "watercourse" from his application any misrepresentation was not material to the conditional use analysis. In a July 24, 2013 decision we again ruled that we could not award Applicant summary judgment because material facts about the impacts on the water channel remained unknown or in dispute and

---

[1] Appellant submitted a Statement of Questions on July 18, 2012, revised on October 4, 2012. We read the second submission in light of the first, as portions of the revised questions are unclear otherwise.

those facts were relevant to the conditional use analysis. In re Donovan Conditional Use Permit Application, No. 83-6-12 Vtec, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. July 24, 2013) (Walsh, J.). Based upon the evidence admitted during the merits hearing, we do not alter our award of summary judgment to Applicant on Questions 1 and 2. Thus, only Appellant's Question 3, alleging a material misrepresentation, remains to be decided in this merits hearing.

The Court conducted a site visit at the Property and surrounding area on the morning of August 13, 2013, followed by a merits hearing at the Caledonia Superior Court in St. Johnsbury, Vermont. Appearing at the site visit and merits hearing were Applicant Sean Donovan, Appellant Howard Remick, and interested person Louise Bussiere all representing themselves.[2] Mr. Gelbert Trenholme, Waterford's Zoning Administrator, also appeared at the site visit and briefly testified at the trial.

Based upon the evidence presented at trial, including that which was put into context by the site visit, the Court renders the following Findings of Fact and Conclusions of Law.

### Findings of Fact

1. The 0.8 acre Property has an address of 3335 Hale Road and is located in the Rural Residential District (RR District).

2. The Property includes a house with a detached garage.

3. The general topography of the area surrounding the Property is a gently sloped hillside. The Property is more or less in the middle of the side-slope with Appellant's property located downgradient.

4. The water channel at issue in this matter runs generally parallel to Hale Road and is located behind the subject garage near the Property's western boundary. The approximate size of the water channel is one to two feet wide and one to one and a half feet deep. The flow of the water channel is from the watershed upgradient of the Property to and across the Property, into a culvert running under Old Silo Road, and then onto and across Appellant's property.

5. In a typical year, the water channel dries up and does not have water within it at some point during the summer. During wet years it has water running within it year-round.

6. Applicant proposes to run an automobile repair business on the Property within the detached garage.

---

[2] During the pretrial stages of this matter, Mr. Donovan, Mr. Bussiere, and two other interested parties were represented by Attorney Charles D. Hickey, Esq. Prior to the trial, on August 12, 2013, we granted Attorney Hickey's motion to withdraw from this matter.

7. The proposed hours of operation are Monday through Friday 8:00 a.m. to 4:30 p.m. and Saturdays 8:00 a.m. to 12:00 noon.

8. On average two to eight vehicles will be worked on each week.

9. Applicant will not supply gasoline, oil, or other fuel for the propulsion of motor vehicles.

10. Vehicles are dropped off and parked outside the garage to await repair.

11. All repair work will be conducted inside the garage.

12. There are no floor drains within the garage.

13. The garage has one restroom for employee use. Customers and the public will not be allowed to use the restroom.

14. On-site automobile repair services will not include painting of vehicles.

15. The only waste material collected and stored on-site is waste oil. Waste oil will be stored inside the garage in a 55-gallon drum. Once the drum is full it will be transported off-site to be burned as waste oil. A new drum will be used to continue waste oil collection.

16. All antifreeze will be collected and reused back into vehicles. There will be no on-site storage of antifreeze for any extended period of time.

17. A majority of the proposed repair operations are mechanical in nature, however, some repair of damaged or wrecked vehicles will take place. Damaged or wrecked vehicles will be parked in the driveway in front of the garage while awaiting parts and/or insurance approval for repairs. Generally, at any given time, only one vehicle will be parked in front of the garage while a second vehicle is being worked on within the garage.

18. If oil or other fluid leaks or spills from a car parked outside of the garage, the fluid could migrate toward the water channel if not properly contained. If the fluid migrated into the water channel it could eventually flow to and across Appellant's property.

19. No vehicle washing is proposed for the repair business. Applicant's personal vehicles may be washed from time to time in the driveway in front of the garage.

### Conclusions of Law

Appellant appeals the DRB's granting Applicant a conditional use permit with conditions to operate the auto repair shop. Appellant's Question 3 alleges that Applicant made material misrepresentations in his application by checking a box indicating that "watercourses" were not present on or adjacent to the Property. Appellant asserts that the water channel

3

running across the Property could impact the analysis of the proposed auto repair shop under the Bylaw. Applicant argues that the water channel is immaterial because Bylaw § 206.01 (Conditional Use review) requires only the evaluation of whether a proposed conditional use adversely affects five specific factors,[3] and water channels are not among them. The conditional use section of the Bylaw, however, goes on to explain that the DRB[4] "may impose, in addition to the regulations and standards expressly specified by this bylaw, other conditions found necessary to protect the best interests of the surrounding property, the neighborhood, or the municipality as a whole." Bylaw § 206.02.[5] The fact that the conditional use permit application itself specifically requires applicants to disclose any "watercourses" on the subject property indicates that water channels can be relevant to a determination on the application.

It is therefore clear that the DRB, and this Court on appeal, has the authority, as part of conditional use review, to consider the impacts of a proposed use on other interests, especially when a water channel exists on the property. It is also clear that we possess the authority to impose conditions necessary to protect those interests.

The issue of material misrepresentations in the municipal permitting process is significant. Full disclosure on an initial land use application is vital to the integrity of the permitting process. As this Court once observed in a slightly different context, misrepresentations on an initial application could enable an applicant to succeed in obtaining a permit "without alerting potential opponents or the zoning administrator to problems with the project under the zoning ordinance." In re Hurlburt, No. 27-2-98 Vtec, slip op. at 4 (Vt. Envtl. Ct. Feb. 12, 1999) (Wright, J.). Our Legislature has recognized this danger; it provides municipal panels the discretion to reject an application that contains a material misrepresentation. 24 V.S.A. § 4470a.

It appears that even though Applicant checked a box on the application indicating that "watercourses" were not located on or adjacent to the Property, DRB members performed a site visit and could easily observe the presence of the water channel. Furthermore, Applicant testified that to his understanding the water channel is not a "watercourse." Thus, we find that any misrepresentation, if one existed, was immaterial to the DRB's review below.

---

[3] These factors are: (1) the capacity of existing or planned community facilities; (2) the character of the area affected; (3) traffic on roads and highways in the vicinity; (4) bylaws then in effect; and (5) the utilization of renewable energy resources. Bylaw § 206.01.

[4] We understand that the relevant zoning body in Waterford is called the Development Review Board, despite the fact that the Waterford Zoning Bylaw uses the term "Board of Adjustment."

[5] See also Bylaw § 206.03 empowering the DRB to attach additional reasonable conditions and safeguards necessary to implement 24 V.S.A. Chapter 117 and the Bylaw.

Furthermore, in this de novo appeal, we consider Applicants' application anew to determine whether it complies with the Bylaw. We limit our review to those issues raised by Appellant in his Statement of Questions and consider only the evidence presented to the Court, not the evidence that was presented to the DRB during the proceeding below. See Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1998) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto.'" (quoting In re Poole, 136 Vt. 242, 245 (1978))); In re Torres, 154 Vt. 233, 235 (1990) (stating that "[t]he reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader"). At trial, both parties addressed the presence of the water channel, its characteristics, and the potential impacts of Applicant's repair business on the water channel. This included the potential that the water channel could act as a pollution transport medium. Thus, considering the evidence before this Court, we conclude that there is no misrepresentation with respect to the application as presented in this de novo appeal.

Applicant asserts that the term "watercourse" has significance under the Vermont Agency of Natural Resource's (ANR) Regulations, and pursuant to the definitions within ANR's Regulations, the water channel should not be classified as a "watercourse." We conclude, however, that the presence of the water channel in proximity to both the proposed auto repair operations and Appellant's property presents a situation requiring us to consider potential impacts on surrounding property and the neighborhood. Thus, whether the water channel on the Property is a "watercourse," an intermittent stream, a perennial stream, or a ditch is immaterial to our review of the conditional use application and we must decide what, if any, conditions may be necessary to protect these interests. See Bylaw § 206.02.

In his challenge to the application, Appellant does not provide evidence of non-compliance with any of the five conditional use review factors set out in Bylaw § 206.01. We therefore **AFFIRM** the DRB's conditional use approval for the auto repair business.

Appellant does provide credible testimony and evidence that pollutants from the proposed auto repair business could be transported by the water channel to his property. Appellant also testified as to concerns that the proposed business may expand from a small operation to something much bigger with potential for greater impacts on Appellant and his property. We thus specifically review the five conditions of approval set forth in the Town's May 29, 2012 letter of approval in light of these concerns.

Condition one expressly limits the hours of operation for the business. We need not further address this clear and specific condition.

Condition two prohibits "major repair work" from being performed outside. We clarify this condition to prohibit **any** repair work from being performed outside. This condition also requires that all vehicle parts and unregistered vehicles be stored within an enclosed building. We find this aspect of the condition clear and sufficient to protect Appellant's interests.

Condition three requires any enlargement or alteration of the use be reviewed by the DRB to consider whether additional conditions are appropriate. We clarify this condition to mean that only the auto repair business as detailed in the findings of fact of this decision is conditionally approved. Any alteration, enlargement, or expansion of the business requires a new conditional use application and review by the DRB.

Condition four expressly limits noise. We need not further address this clear and specific condition.

Condition five broadly prohibits the auto repair business from emitting noxious gasses, odor, dust, liquid, or other substances. Without limiting this condition, and in an effort to address Appellant's concerns, we specify that any vehicles parked outside of the garage shall be provided with proper storage and containment to prevent any fluid from leaking and/or spilling and migrating to the water channel. Preventative measures could include draining all fluids from the stored vehicles or parking on an impervious surface designed with containment such as catch basins or elevated sides. Lastly, painting of vehicles is expressly prohibited.

### Conclusion

For the reasons detailed above, we **GRANT** Applicant conditional use approval for the proposed auto repair shop at 3335 Hale Road, Waterford, Vermont. We affirm the conditions imposed by the DRB in the May 29, 2012 letter of approval as further clarified in this decision.

A Judgment Order accompanies this Decision. This completes the current proceedings before this Court.

Done at Berlin, Vermont this 4th day of November, 2013.

_____
Thomas G. Walsh, Environmental Judge

6