# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                       Docket No. 14-2-14 Vtec

| Parker Conditional Use Permit |
|---|

## ENTRY REGARDING MOTION

Title:          Motion for Summary Judgment (Motion 1)
Filer:          Stephen Coulman
Attorney:       Benjamin H. Deppman
Filed Date:     April 24, 2014

Response filed on 06/03/2014 by Attorney David M. Sunshine for Appellee Lonie Parker
          Opposition

**The motion is DENIED.**

In November 2013 Lonie Parker applied for a "home based business" permit to operate a towing business at his residence, 119 Pine Oak Park in the Town of Watham, Vermont (the Town). The Waltham Development Review Board (the DRB) held a public hearing on the application on December 17, 2013. Neighboring property owners Stephen and Margaret Coulman, through their attorney Benjamin Deppman, Esq., participated in the hearing and voiced concerns about the proposed home based business. The DRB, by written decision dated January 24, 2014, approved the application with conditions.

The Coulmans have appealed that approval to this Court. In their Statement of Questions, the Coulmans raise 11 questions related to whether the proposed use complies with the Town of Waltham Zoning, Subdivision, and Floodplain Regulations (the Regulations) and the Town of Waltham Town Plan. They also raise issues related to whether the application was materially changed during the hearing before the DRB. Now pending before the Court is the Coulmans' motion for summary judgment.

The Coulmans argue three grounds for summary judgment. First, they argue that based on the Regulations, Mr. Parker's proposed use cannot be operated as a home based business as a matter of law. Second, they argue that Mr. Parker made material misrepresentations to the DRB and therefore the application should be denied as a matter of law. Finally, they request that the Court limit the scope of the appeal to the narrow description of the project contained in Mr. Parker's application and not the project as described in the DRB hearing and as approved by the DRB.

1

The Court may only grant summary judgment if the moving party (here, the Coulmans) shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). In ruling on a summary judgment motion, the Court is directed to "accept as true the [factual] allegations made in opposition to the motion for summary judgment," as long as they are supported by reference to materials in the record, and to give the non-moving party (here, Mr. Parker) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; V.R.C.P. 56(c).

First, despite the Coulmans' argument that Mr. Parker's application may be denied as a matter of law, this argument is based on Mr. Parker's proposed use as they describe it in their statement of undisputed facts. Mr. Parker, however, disputes the Coulmans' factual statement and provides a sworn affidavit in support of the disputed facts.[1] For example, the Regulations regulate the storage of "heavy equipment." The Coulmans state that the trucks Mr. Parker uses constitute heavy equipment. Mr. Parker disputes this and avers that he uses single axle trucks weighing less than 26,000 pounds which are not heavy equipment. The Regulations also prohibit certain uses from being operated as a home based business, including "motor vehicle repair," "junkyards," and other "similar uses." Regulations § 501(12). The Coulmans state that the proposed use is "similar to" a motor vehicle repair shop and a junkyard. Mr. Parker states that he will not store any junk on the property or repair the vehicles he tows and that the use is sufficiently dissimilar to the prohibited uses cited by the Coulmans. The Court is unable to resolve these disputes without a factual record describing the proposed use and its impacts. Because the parties dispute the basic facts, this record must be developed through trial.

Second, the Coulmans' argument that Mr. Parker's application may be denied on the grounds that he made "material misrepresentations" to the DRB is not relevant in this de novo appeal. In this appeal the Court will "review the application anew as to the specific issues raised in the statement of questions." In re Whiteyville Props. LLC, No. 179-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Dec. 13, 2012) (Durkin, J.); see In re Poole, 136 Vt. 242, 245 (1978) ("A de novo hearing is one where the case is heard as though no action whatever had been held prior thereto.'"). While a material misrepresentation may have been grounds for the DRB to reject the application,[2] we are only concerned with the accuracy of the evidence presented to the Court in this appeal.

Further, Mr. Parker is not prohibited from making alterations to the application so long as the changes do not materially alter the proposal or the type of permit requested. In re Sisters and Bros. Inv. Grp., LLP, 2009 VT 58, ¶ 21, 186 Vt. 103 (citing In re Torres, 154 Vt. 233, 236 (1990)). Thus, as a matter of law, we decline to limit the scope of the appeal to the exact language of the few sentences in Mr. Parker's original permit application.

---

[1] While the Coulmans argue that we should disregard Mr. Parker's statement of disputed facts because the supporting affidavit is unsigned, the Court's file contains the original signed and notarized affidavit. This is not material, however, as we are directed take "'the entire setting of the case and all materials' into account." Cassani v. Hale, 2010 VT 8, ¶ 20, 187 Vt. 336 (quoting Stamp Tech, Inc. ex rel. Blair v. Lydall/Thermal Acoustical, Inc., 2009 VT 91, ¶ 11, 186 Vt. 369). In considering the entire setting of the case and all materials in the record there can be little doubt that material facts are in dispute.

[2] Section 4470a of Title 24 provides that an appropriate municipal panel may reject an application that misrepresents material facts, but this rejection is not mandatory.

For the reasons stated in greater detail above, the Coulman's Motion for Summary Judgment is **DENIED**.


Electronically signed on September 12, 2014 at 10:35 AM pursuant to V.R.E.F. 7(d).


_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division




<u>Notifications</u>:
Benjamin H. Deppman (ERN 1154), Attorney for Appellant Stephen Coulman
Benjamin H. Deppman (ERN 1154), Attorney for Appellant Margaret Coulman
David M. Sunshine (ERN 1529), Attorney for Appellee Lonie Parker
Interested Person Town of Waltham