STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 1-1-14 Vtec |
| Lancaster SD Application | DECISION ON MOTION |

Now before the Court is the application of Hugh and Eva Lancaster ("Applicants") to subdivide a parcel of land located on North Road in the Town of Fletcher, Vermont. The Town of Fletcher Zoning Administrator ("ZA") approved the application on August 28, 2013. Abutting property owners Larry and Denise Cota ("Appellants") appealed that approval to the Town of Fletcher Development Review Board ("DRB"), which affirmed the grant of the permit. Appellants timely appealed that decision to this Court. Applicants are represented in this appeal by Douglas L. Molde, Esq. Appellants are represented by Richard Edward McCormick, Esq. The Town of Fletcher is represented by Chad v. Bonanni, Esq.

This matter was set for trial on April 16-17, 2015, pursuant to a Hearing Notice issued on January 30, 2015. On February 19, 2015, Applicants moved for summary judgment on all six Questions raised in this appeal by Appellants in their Statement of Questions. Appellants filed their opposition to summary judgment on March 19, 2015. The Town of Fletcher has not filed any papers with the Court in relation to the pending motion for summary judgment. Due to the proximity of the scheduled trial, the Court immediately began its consideration of the pending motion and opposition.

**Factual Background**

For the sole purpose of putting the pending motion into context the Court recites the following facts which are undisputed unless otherwise noted:[1]

---

[1] Appellants did not file a direct response to Applicants' statement of undisputed material facts but rather filed their own statement of material facts. We therefore treat the facts in Applicants' statement as undisputed unless those facts are inconsistent with Appellants' statement of facts. We also only consider those facts that are supported by materials in the record. V.R.C.P. 56(c), (e).

1.     Hugh and Eva Lancaster own an approximately 38.24 acre parcel located in part at the junction of North Road and Wright Road in the Town of Fletcher, Vermont ("the Parcel"). Their parcel is bisected by North Road, which is a town highway.

2.     The Parcel extends on both sides of North Road with approximately 27 acres on the west side of North Road ("western parcel") and approximately 11.24 acres on the east side of North Road ("eastern parcel").

3.     Appellants own property located to the east of North Road that is surrounded by Applicants' eastern parcel to the north, east, and south.

4.     Appellants own a right of way over a portion of Applicants' adjoining property.

5.     Applicants seek to subdivide the eastern parcel from the western parcel and create two separate lots in order to sell the eastern parcel as undeveloped land.

6.     On August 19, 2013 Eva Lancaster filed an application for a zoning permit, authorizing the separation of these two lots. The application indicates the "[a]cres in parcel" as 11.24 rather than the entire Parcel of 38.24.

7.     This application was approved on August 28, 2013 by the ZA and given Fletcher Zoning Bylaw Permit number S13-02.[2] The ZA concluded that the Town of Fletcher Subdivisions Regulations did not apply to the application and that the minimum dimensional requirements were met.

8.     Appellants appealed that decision to the DRB, which held a public hearing on October 22, 2013. At the hearing, Ted Lancaster and the ZA both clarified that the application was for the subdivision of a 38.24 acre Parcel into two lots. Appellant Lara Cota and attorney McCormick were present at the hearing and opposed the subdivision application.

9.     The DRB approved the application by written decision dated December 4, 2013. The DRB also concluded that the Subdivision Regulations did not apply and that therefore the permit application should be granted because the dimensional requirements were met.

10.    Appellants timely appealed that decision to this Court.

---

[2] A copy of Fletcher Zoning Bylaw Permit number S13-02 was presented as Exhibit B to the ZA's Affidavit, filed in support of Applicants' summary judgment motion.

11.	Applicants obtained a prior Zoning Bylaw permit, permit number S09-6, for a three lot subdivision located at North Road in the Town of Fletcher.  This approval was granted on August 5, 2009.  Applicants did not subdivide the land at issue in this appeal during any time within four years of the August 19, 2013 permit application.

12.	The proposed lots meet all minimum dimensional requirements for the zoning district in which they are located.

## Analysis

### I.	Summary Judgment Standard

The Court will grant summary judgment to a moving party upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a).  We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures).  A party opposing a motion for summary judgment must file with the Court "a separate and concise statement of disputed facts, consisting of numbered paragraphs with specific citations to particular parts of materials in the record . . . ."  V.R.C.P. 56(c)(1)(A).  These materials, whether already in the record or submitted by the party, must be in a form that would be admissible in evidence, including affidavits and other documents.  V.R.C.P. 56(c)(2).  If the responding party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may "consider the fact undisputed for purposes of the motion."  V.R.C.P. 56(e)(2).  The Court "need consider only the materials cited in the required statements of fact, but it may consider other materials in the record."  V.R.C.P. 56(c)(3).

### II.	Appellants' Questions falling outside the scope of this appeal

Applicants move for summary judgment on all six of Appellants' Questions, arguing that there are no facts in dispute that are material to resolution of those Questions and that they are entitled to judgment as a matter of law.  Three of Appellants' six Questions relate to matters that are outside the scope of this Court's jurisdiction.  We therefore address those Questions first.

A.      Questions 1 and 2, Alleged Errors below

Appellants' Question 1 asks: "Whether the Fletcher Zoning Administrator erred by granting approval for the Project."  Question 2 asks: "Whether the Fletcher Development Review Board erred in upholding the subdivision approval."  Both of these Questions are outside the scope of the Court's de novo review.

In accordance with the Vermont Rules for Environmental Court Proceedings ("V.R.E.C.P."), an interested person appealing a municipal panel's decision is entitled to a de novo trial in this Court.  V.R.E.C.P 5(g).  "A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto.'"  Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (quoting In re Poole, 136 Vt. 242, 245 (1978)).  This Court does not consider any previous decisions or proceedings below; "rather, we review the application anew as to the specific issues raised in the statement of questions."  In re Whiteyville Props. LLC, No. 179-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Dec. 13, 2012) (Durkin, J.).  As such, questions asking whether the ZA or DRB erred in approving the application are not considered by the Court because we do not have the jurisdictional authority to assess the propriety of the decisions made below; we only have the authority in de novo appeals to render our own determination of whether the challenged application conforms to the applicable regulatory provisions.  Because Appellants' Question 3 asks whether or not the application complies with state and local regulations, we understand that any issues presented by these two Questions that would fall within the scope of our jurisdiction are encompassed by that Question.  Since Questions 1 and 2 raise legal issues we are not charged with addressing, we must **DISMISS** those two Questions.

B.      Question 4, Act 250 Jurisdiction

Appellants ask by their Question 4: "Whether the Project requires Act 250 review."  As noted above, appeals to this Court from a municipal panel's decision are entitled to trial de novo.  "In an appeal by trial de novo, all questions of law or fact as to which review is available shall be tried to the court, which shall apply the substantive standards that were applicable before the tribunal appealed from."  V.R.E.C.P. 5(g).  The appeal before the Court relates to a municipal permit application filed with the Town of Fletcher.

We first note that the Town of Fletcher Subdivision Regulations ("the Regulations") § 1.3(A), titled "Applicability," states that "[s]ubdivision of any tract of land into four (4) or more total lots within any continuous period of four years, shall be subject to the subdivision regulations." Thus, if Applicants have not subdivided the tract at issue into four or more total lots within a continuous four year period, the Regulations do not apply. If the Regulations do apply, however, it is only in relation to Regulations § 2.3(F) that the question of whether an Act 250 Permit is required becomes relevant. Regulations § 2.3(F) states that a subdivision approval that also requires an Act 250 permit "shall be classified as Contingent Approval." Subdivision Regulations § 2.3(F). Otherwise, there is no substantive standard within the Regulations discussing Act 250 jurisdiction and it is therefore outside the scope of the appeal before the Court.

III.    **Applicability of Fletcher Subdivision Regulations to this Application**

Appellants' Question 3, as noted above, asks broadly "[w]hether the Applicant/ Appellees satisfy the requisite criteria for the Project in question under State and local regulations." When the Court ordered Appellants to clarify this Question, Appellants submitted the following:

> Appellees have created four (4) or more lots in the time between August 2009 and August 2013 because the lands which have been subdivided contain both natural and man-made divisions and boundaries.
>
> Fletcher's North Road is an existing boundary which dissects the lots which are subject to the instant matter.
>
> Moreover, Appellees themselves have created a right-of-way, which abuts Appellants' property and creates further division to the lands-in-question and thus must be incorporated as fixed boundaries pertaining to the Application in question.
>
> Natural boundaries include Stones' Brook and other rock and stone formations which Appellants have relied upon for well-over fifteen (15) years as the appropriate and controlling boundaries between their lands and Appellees'.

(Appellants' Clarification at 1, filed Jan 28, 2015). This Clarification also adds context to Appellants' Question 5 which asks "[w]hether the Project seeks to create more lots than Appellants enumerate." We read the clarification of Question 3 and Question 5 to ask the threshold question of whether or not the Regulations apply to the application before the Court

because Applicants have subdivided the tract into four or more total lots within a four year period. Because the facts before the Court relevant to this determination are undisputed, and because Appellants' position is based on an erroneous understanding of Vermont law, we can resolve this issue on summary judgment.

Appellants argue that Applicants have created, or seek to create, four or more lots within a four year period, thus triggering review under the Regulations, pursuant to Regulations § 1.3(A). With no citation to any statute, regulation, rule, or caselaw precedent, Appellants state that "Town Rights of Way and Natural boundaries are considered, under Vermont law to constitute subdivisions and legal, controlling boundaries which Appellants and Appellees alike have relied upon as such for well-over fifteen (15) years." (Appellants' Statement of Material Facts at 1, filed Mar. 19, 2015). This is incorrect. It fact, Appellants' assertion is directly opposite of governing law.

First, the Regulations' definition of "lot" states that "[f]or the purposes of these regulations, Town Road rights-of-way shall not be considered lot boundaries unless approved as such by the DRB." Regulations § 6.2. There is no DRB approval recognizing North Road as a legal boundary between two separate lots. Were this the case, the entire appeal before the Court would be unnecessary as there would be no need to subdivide the 11.24-acre portion of the Parcel on the east side of North Road from the 27-acre portion on the west side of North Road. In addition, under Vermont Supreme Court precedent, while a right-of-way or road may, under certain circumstances, be said to divide a single parcel into two lots, it does not do so automatically or necessarily. See Wilcox v. Village of Manchester Zoning Bd. of Adjustment, 159 Vt. 193, 197–98 (1992) ("We caution that the existence of a right-of-way contiguous to and separating two parcels in common ownership will not automatically render those parcels separate lots."). The fact that North Road runs through the Parcel does not mean that, absent a permit, the land on either side of the road constitute separate lots. This is also true for the other right-of-way Appellants own over Applicants property. Appellants' allegation that this right-of-way creates additional lots within the eastern parcel has no legal basis of which we have been made aware or which our own legal research has revealed.

Finally, the Court is not aware of any law supporting the assertion that natural features create legally binding subdivisions; Appellants have directed us to no such legal precedent and, in the absence of guidance from Appellants, our own research has revealed no support for Appellants' legal proposition. The only tangential legal precedent speaks to whether, at the request of an applicant, roads and natural features may provide foundation for a claimed separation of lots. The legal doctrine relates to undersized lots held in common ownership and whether such lots may be regarded as "merged," pursuant to the former 24 V.S.A. § 4406(1), now codified at §442112(2). See In re Weeks, 167 Vt.551, 554-555 (1998) (considering whether two independently-held lots separated by a ravine should be treated as one or two lots and declining to rely upon the ravine's natural features to treat the lots as separate but affirming landowner's request to recognize the lots as separate for other reasons). In all the Supreme Court cases we discovered discussing lots separated by roads and other natural features, there was no discussion of a lot being subdivided where the property owner did not so request or intend.

Thus, the only subdivisions the court will consider in applying Regulation § 1.3(A) are those subdivisions that have been actively sought and formally approved. As it is undisputed that there are no such subdivisions within four years of the permit application now before the Court, the Regulations, by their own plain terms, do not apply. As this is the only legal issue raised by Appellants' Questions 3 and 5, Applicants are entitled to summary judgment on these Questions.

IV.     **Disputes as to Ownership of the Parcel**

The final Question in Appellants' Statement of Questions asks "[w]hether Applicants may subdivide lands when ownership is in dispute." The Court understands from the filings that Appellants believe that they have a claim to a certain portion of Applicants' property through adverse possession, and that Appellants challenge the location of the boundary line between their property and Applicants' property.

Appellants argue that the "Vermont Superior Court Environmental Division has subject matter jurisdiction to determine ownership of land as a prerequisite to legal subdivision" and that the "Court's Jurisdiction is de-novo, which jurisdiction necessarily includes questions of

ownership of parcels to be subdivided." (Appellants' Opp'n to Appellees' Mot. for Summ. J. at 1, filed Mar 19, 2015). To the contrary, this is a Court of limited jurisdiction, and that limited jurisdiction does not extend to resolving disputes over real property rights. Any claims of adverse possession or claims disputing the location of a boundary must be brought in the Civil Division of the Vermont Superior Court.

We have recognized, however, that we have the authority and duty to determine whether an applicant has made a sufficient threshold showing of a lawful interest and right to develop the subject property as proposed. E.g., In re Leiter Subdivision Permit, No. 85-4-07 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Jan. 2, 2008) (Durkin, J.). Once this "initial threshold burden" has been met, any disputes concerning the ownership and control of the real property at issue must go to the appropriate division of the Superior Court. Id.

Here, Applicants have submitted a tax map which indicates the owner of the Parcel as "Lancaster, Hugh." Such evidence fulfills an applicant's duty to make a threshold showing of ownership or control over the subject property. The claims of interests that Appellants bring— adverse possession and a property line dispute—do not challenge this showing.

Based upon the undisputed facts before the Court, Applicants have met their threshold burden of showing a property interest entitling them to subdivide the Parcel. We therefore grant summary judgment in their favor on Appellants' Question 6.

### Conclusion

Applicants' proposal to divide an approximately 38.24 acre parcel into a 27 acre parcel on the west side of North Road and an approximately 11.24 acre parcel on the east side of North Road does not trigger the requirements of the Town of Fletcher Subdivision Regulations to receive a municipal subdivision permit, since Applicants have not subdivided the tract of land into four or more lots within the past four years. As it is undisputed that the two lots meet the minimum dimensional requirements of the Town of Fletcher Zoning Regulations, we therefore **GRANT** Applicants' motion for summary judgment on Appellants Question 3, as clarified. Appellants' Questions 1, 2, 4, 5, and 6 are either outside the scope of this appeal or are resolved by this conclusion. The DRB's approval of Applicants' permit application, Fletcher Zoning Bylaw Permit number S13-02, therefore remains in full force and effect.

In light of our rulings today, the trial presently scheduled for April 16-17, 2015 is hereby **CANCELLED**. This concludes the proceedings before the Court concerning this appeal. A Judgment Order accompanies this Decision on Motion.

Electronically signed on April 01, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division