STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 83-6-14 Vtec |
|---|---|
| Simonds et al. Construction Permit<br>Application | DECISION ON MOTION |

**Decision on Motion for Summary Judgment**

The matter before the Court is the appeal by William Simonds, Trustee of the H. Simonds Trust, and William and Paula Pearsall ("Appellants") of the May 28, 2014 decision of the Town of Fairfield Planning Commission and Zoning Board of Adjustment ("ZBA") denying Appellants' building permit application. The ZBA denied the application based on a finding that the underlying lot did not have the required road frontage. Appellants timely appealed that denial to this Court and now move for summary judgment in their favor, arguing that there are no material facts in dispute and they are entitled to a building permit as a matter of law. Appellants are represented in this appeal by Joseph F. Cahill, Esq. The Town of Fairfield ("the Town") has filed a response to Appellants' motion through the Town Zoning Administrator ("ZA") Stephen Cushing.[1] No other party has entered an appearance in the matter.

**Factual Background**

On September 19, 2014 the parties filed a Joint Statement as to Undisputed Material Facts, signed by attorney Cahill for Appellants and the ZA for the Town. Based upon the parties' joint filing, we have determined that the following undisputed facts are material to the legal issues presented by Appellants' pending motion:

---

[1] This filing is titled "Motion for Summary Judgment" but does not satisfy the requirements of such a motion set out in Vermont Rule of Civil Procedure 56. We have noted before that where a municipality seeks to actively participate in a matter before the Court it must do so though legal counsel or must file a formal request to allow a non-attorney to speak for the Town including justification for doing so. E.g. In re Zaremba Group CU – Jericho, No. 101-7-13 Vtec, slip op. at 9 (Vt. Super. Ct. Envtl. Div. Nov. 7, 2014) (Walsh, J.) (citing LaBrie, Inc. v. Vt. Dept. of Envtl. Conservation, 157 Vt. 642, 643 (1991); Shapiro, Bernstein & Co. v. Continental Records Co., 386 F.2d 426, 427 (2d Cir. 1967)). Here, as the Town has not offered any legal argument on the issues properly before the Court, we need not strike any of the Town's filings for failure to follow this legal maxim.

1. William Simonds, Jr., Trustee, of the H. Simonds Trust, is the owner of the parcel of land involved in this matter (hereafter "the Property"). Paula and William Pearsall are prospective purchasers of the Property and appear as Co-Appellants with William Simonds in this matter.

2. The Property is located in the Town of Fairfield, Vermont and consists of 3.63 acres, more or less.

3. A survey of the Property was prepared by Northern Land Surveying, LLC, entitled "Lands of William Simonds, Jr., Trustee – Madden Road, Bloody Rock Camp Road, Simonds Camp Road, Fairfield, Vermont," dated May 20, 2013, and last revised January 13, 2014 ( "the Survey").[2]

4. The Property is located in the Lake Area District ("Lake District"), which is a subset of the Conservation& Recreation District, per the Town of Fairfield Subdivision and Zoning Bylaws effective May 14, 2012 (hereinafter "Bylaws"). See Bylaws § 3.2(B) and Zoning District Map affixed thereto.

5. The sole legal issue raised in this appeal concerns the adequacy of the Property's road frontage. The Appellants' application for construction of a single family residence meets all of the other Lake District dimensional standards.

6. The southern boundary of the Property is located in the vicinity of Madden Road. For a distance of 315.69± feet, the Property's southwestern boundary is outside the Madden Road right of way; the remaining 351.4± feet is wholly within the highway right of way and in some portions is adjacent to or near the travelled portion of Madden Road, all as delineated on the Survey.

7. The Madden Road is a Class 3 Town of Fairfield Town Highway. The parties have not been able to determine whether Madden Road is owned in fee or is a road established through an easement.

8. The southerly boundary of the Property, as shown on the Survey, separates the Property from lands now or formerly of Greg Christie.

<u>Analysis</u>

As noted above, the ZBA denied Appellants' application because of its determination that the parcel did not have the required road frontage to develop the Property with a single

---

[2] The Zoning Administrator supplied the Court with a copy of the Survey, in anticipation of Appellants' summary judgment motion, together with copies of the Bylaws and the application that Appellants filed with the Town.

family residence. Appellants now move for summary judgment on that issue, arguing that the undisputed facts show that the parcel has the required road frontage.

The Court must grant a party summary judgment upon a showing that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). As the parties have stipulated to the underlying facts, the Court must determine whether Appellants' application satisfies the requirements of the Town of Fairfield Subdivision and Zoning Bylaws ("the Bylaws") related to road frontage.

When interpreting a zoning regulation we apply the familiar rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. We will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. In construing statutory or ordinance language, our "paramount goal" is to implement the intent of its drafters. Colwell v. Allstate Ins. Co., 2003 VT 5, ¶ 7, 175 Vt. 61. We will therefore "adopt a construction that implements the ordinance's legislative purpose and, in any event, will apply common sense." In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 8, 189 Vt. 578 (quotations omitted).

The sole issue before the Court is whether or not Applicants have sufficient road frontage in order to develop the Property with a single-family residence. The Town denied the application because it determined that the property did not have the 200 feet of "frontage" required for year-round residential uses in the Lake District, as established in a table titled "Lake District Dimensional Standards" in Bylaws § 3.2(B). It is Bylaws § 3.4(A), however, that relates to "Access to Land Development and/or New Buildings." This section provides the following:

> Land development and/or new buildings may be permitted shall be built [sic] with strict regard to the safe and efficient flow of traffic in the area, and provide adequate access for emergency vehicles. Road frontage requirements for lots shall be used as the basis for establishing density of development for the overall parcel.
>
> a) Frontage on a maintained public road (Class III or better), or
>
> b) With the approval of the Planning Commission, access by means of a permanent easement or right-of-way at least 20 ft. wide to such a public road. The Planning Commission may require a right-of-way or easement greater than 20 feet in width if, in its judgment, it is necessary to protect

3

the health, safety and general welfare of the Town of Fairfield. Access by public waterways to a residential use is expressly excluded.

c) All Right-of-Ways shall be setback 20 feet from side boundary lines or be shared, in which case may be constructed to the edge of the parcel and shared use rights must be specifically outlined in the Warrantee Deed for each interested parcel.

d) All commercial and industrial uses shall have unobstructed visibility of such road 300 feet in either direction from any driveway access.

e) All driveways entering onto public roads must meet the Selectmen's specification for grade, culverts, and ditching. And all culverts require prior approval from the Selectmen.

. . . .

Bylaws § 3.4(A).

By its plain language, the focus of Bylaws § 3.4 relates to access for a property. Although the Town relied on § 3.2, § 3.4(A) emphasizes the distinction between required <u>access</u> and required <u>road frontage</u>, stating that "[r]oad frontage requirements for lots shall be used as the basis for establishing density of development for the overall parcel." Bylaws § 3.4(A). Thus, the Bylaws require that an Applicant demonstrate sufficient road frontage to ensure lot dimensions meeting the minimum standards for density of development <u>and</u> sufficient legal access either through direct access to a Class III or better maintained public road or an easement or right-of-way approved by the Planning Commission. <u>Id</u>.

Although unclear, it appears that the Town denied the application based upon Applicant's failure to show the former but for reasons related to the latter.[3] In other words, the Town determined that the Property was without sufficient legal access because of the Applicant's failure to demonstrate that the Property has the frontage necessary to meet the minimum standards for density of development. The ZBA's decision states the following:

The Board was asked to decide if land lying within the town highway right of way is considered road frontage. If this were found to be true, the town must own the right of way in fee simple. The right of way must be considered an easement

---

[3] We recognize that this appeal constitutes a de novo proceeding and that we are directed to disregard the legal determinations rendered by the panel and appealed to this Court. See <u>Chioffi v. Winooski Zoning Bd.</u>, 151 Vt. 9, 11 (1989) (quoting <u>In re Poole</u>, 136 Vt. 242, 245 (1978)) ("A de novo trial 'is one where the case is heard as though no action whatever has been held prior thereto.'"). However, since the Town appears before this Court without the benefit of legal counsel, we reference the Planning Commission determination so that we may have a more clear understanding of the Town's concerns as we consider the issues anew.

4

unless it is shown that the town acquired a three rod wide strip of land in fee simple, which the applicants did not do. By granting the permit the Board would be conveying to the applicants a right of way over land of Greg Christie. The Board has no authority to convey that access. Therefore, the Board denies applicants' application for a building permit to construct a single family residence because the parcel does not have 200 feet of road frontage on a Town maintained highway.

Re: William Simonds Trustee of the H. Simonds Trust & William and Paula Pearsall, Decision at 1 (Town of Fairfield Planning Commission and Zoning Bd. of Adjustment, May 28, 2014). That the Town's primary concern relates to access, and not establishing density of development, is further emphasized by the filing of the Zoning Administrator in response to Applicants' motion for summary judgment. In that filing the Town states,

The Town of Fairfield would grant the building permit to appellants if the Court [concludes]:

1. That by granting the permit the Town of Fairfield would not be granting access over lands of Christie from the Madden Road to lands of the Appellants.

2. That granting the permit does not result in an unlawful taking of property rights from Mr. Christie.

(Mot. for Summ. J. at 1, filed Sept. 2, 2014). As a primary matter, the Court notes that the Town cannot grant a right-of-way for the benefit of one land owner over the land of another through approval of a building permit; nor can this Court when the pending application is appealed. Such a conveyance or easement creation is outside the jurisdiction of both the ZBA and this Court.

In order to obtain a building permit, Applicants must show that they have legal access directly from their property to at least a Class III Town road or alternate access from an easement or right-of-way that they own. Relevant to the pending appeal, the right-of-way for town roads is presumed to be a total of three rods wide, or 49.5 feet, as measured from the centerline of the travelled road. Cameron's Run, LLP v. Frohock, 2010 VT 60, ¶ 13, 188 Vt. 610 (mem.) ("[T]own roads are ordinarily presumed to be three rods wide, absent proof to the contrary."); 19 V.S.A. §§ 32, 702. Based on this definition, approximately 350 feet of Applicants' property line is within the right-of-way for Madden Road. For the purposes of the 200' frontage requirement, and giving effect to the stated purpose of that requirement as it relates to lot

dimensions and density of development, the Court concludes that Applicant has satisfied this road frontage requirement. This does not mean, however, that Applicants are free to use any portion of their neighbor's property; no portion of our determinations here should be interpreted as conveying an additional easement to Appellants over their abutter's property. Appellants merely enjoy the same right as other members of the general public to travel within the established right of way known as Madden Road.

The legal issue of what constitutes the boundaries of Madden Road may be considered in several ways. First, one could determine whether or not the entire right of way area, established for public use by statute, be regarded as Madden Road. The alternative analysis relies upon a more limited definition of what constitutes Madden Road; that is, to limit it to only the travelled portion of the Road and to then determine who is entitled to access or use the land outside the travelled portion, but within the public right of way limits. We decline to embark upon this latter analysis, principally because the Bylaws provide no guidance on what constitutes the legal limits of a Class III highway.

Absent a clear definition of what constitutes a public highway, we conclude that the limits of Madden Road extend to the limits of the right of way that the Town enjoys for establishing, using, and maintaining Madden Road. Since a 351± foot portion of Appellants' southern boundary lies within the right of way limits for Madden Road, we conclude that they have frontage on Madden Road in excess of 200 feet and therefore conform to Bylaws § 3.2(B). Since the road frontage minimum of Bylaws § 3.2(B) have been satisfied, and there has been no other factual basis for alleging that Appellants do not have sufficient access to Madden Road, we also conclude that Appellants' proposed single family development conforms to Bylaws § 3.4(A).

### Conclusion

In determining whether the proposed lot meets the dimensional and density requirements of the Bylaws it is sufficient that the lot in question have at least 200 feet of road frontage within the right of way of a Class III Town highway. This ruling expressly excludes any determination related to an independent right of way over an abutter's property that is personal to Appellants. For the reasons set out above, we **GRANT** Applicants' motion for

6

summary judgment and reverse the decision of the Town of Fairfield Planning Commission and Zoning Board of Adjustment dated May 28, 2014. We further remand these proceedings to the Town of Fairfield Zoning Administrator, solely to complete the ministerial act of issuing a zoning permit to Appellants for their proposed project that conforms to this Court's determination.

A Judgment Order accompanies this Decision. This concludes the pending matters currently before the Court.

Electronically signed on May 18, 2015 at Newfane, Vermont pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division