# STATE OF VERMONT

SUPERIOR COURT
ENVIRONMENTAL DIVISION
Docket No. 26-3-18 Vtec

---

| Pleasant Valley Farms Permit MFO |
| --- |

## ENTRY REGARDING MOTION

**Title:** Motion to Clarify & Dismiss (Motion 3)

**Filer:** Vermont Agency of Agriculture, Food, and Markets

**Attorney:** Thea J. Schwartz and Melanie Kehne

**Filed Date:** July 9, 2018

Response in Opposition filed on 07/25/2018 by Attorney Joan W. D. Donahue
  for Appellant Pleasant Valley Farms, LLC

**The motion is GRANTED IN PART and DENIED IN PART.**

Pleasant Valley Farms of Berkshire, LLC ("PVF") is the owner and operator of several dairy farms in the northwestern Vermont towns of Berkshire, Richford, St. Albans, and Enosburg, including the Lumbra Farm, at 1567 Skunk Hollow Road in Berkshire, Vermont ("Lumbra Farm"). When the Vermont Agency of Agriculture, Food & Markets ("AAFM") denied PVF's Notice of Intent to Comply ("NOIC") with the General Permit for Medium Farm Operations, and instead determined that the Lumbra Farm should be governed by the rules and statutes covering large farm operations, PVF filed a timely appeal with this Court.

There are several motions pending before this Court. PVF filed a motion for summary judgment on July 5, 2018, to which AAFM filed an opposition memorandum and PVF filed a reply. However, before the Court addressed PVF's summary judgment motion, AAFM filed a motion requesting that the Court dismiss or order PVF to clarify most of the Questions contained in its Statement of Questions. As part of its memorandum objecting to PVF's summary judgment motion, AAFM also requested that the Court allow it additional time to respond to PVF's summary judgment motion, after the Court has ruled upon AAFM's motion for dismissal or clarification. On August 6, 2018, the Court granted that secondary part of AAFM's request, determining that AAFM would have 15 days from the date of any ruling on its motion for dismissal or clarification to file an additional response to PVF's summary judgment motion.

This Entry Order is issued solely to address AAFM's pending motion for dismissal or clarification. For the reasons stated below, we **GRANT** AAFM's motion and intend to rule upon PVF's summary judgment motion after AAFM's extended time to respond has elapsed.

**Factual Background**

The Court has determined that there are several material facts that appear to be uncontested by the parties. In certain instances, the material facts are somewhat lacking in clarity. However, the Court understands that the parties will assist the Court with any clarifications that they deem relevant to its consideration of the pending summary judgment request. We lay out a general factual background here for the sole purpose of understanding the pending motion to dismiss or clarify PVF's Statement of Questions.

PVF has previously operated Lumbra Farm as a small farm operation where up to 195 mature dairy cows and up to 280 youngstock or heifers have been stabled, confined, fed and maintained. Sometime prior to January 2018, PVF decided to plan an increase in its dairy farming operation at Lumbra Farm by increasing the size of its herd and barn. AAFM appears to represent that most or all of the expanded barn is used for the care, feeding and maintaining of the livestock. PVF disputes this fact but does not provide specific details of the use of the expanded barn.

By January 2018, PVF had received an authorization from the Vermont Agency of Natural Resources ("ANR") to construct its planned barn expansion and thereafter completed the expansion. By this time, PVF had also expressed its intentions to increase its herd to between 200 to 699 mature dairy cows and to between 300 to 999 youngstock or heifers. The actual livestock numbers at the Lumbra Farm at that time have not been specified by the parties.

On January 6, 2018, PVF submitted its NOIC with the General Permit for Medium Farm Operations, as defined in 6 V.S.A. § 4857(2). On the NOIC form that it submitted, PVF represented that the Lumbra Farm was then operating at livestock levels that constituted a small farm, as defined in 6 V.S.A. § 4857(3).

On January 9, 2018, AAFM officials conducted a site inspection at the Lumbra Farm, including its recently expanded barn. AAFM officials also interviewed PVF officials and employees and reviewed documents submitted by PVF in support of its NOIC and its application to ANR, Department of Environmental Conservation, for authorization to construct the barn expansion under a Vermont Construction General Permit (#3-9020).

On February 19, 2019, an AAFM official notified PVF that it had denied coverage for the Lumbra Farm under the Medium Farm Operation General Permit. The AAFM official advised that it based its denial upon a determination "that the expanded barn has been designed to house more than the [Large Farm Operation] threshold number of animals listed in 6 V.S.A. § 4851." AAFM denial ltr., dated Feb. 19, 2018. No party has represented to the Court the specific livestock count at Lumbra Farm, as of the filing of the NOIC. Upon receiving AAFM's denial letter, PVF filed a timely appeal with this Court.

**Legal Analysis**

The Statement of Questions limits the scope of review to the specific issues raised on appeal. V.R.E.C.P. 5(f). It performs a similar function to a civil complaint and requires only a "short, concise and plain statement that will establish the scope of appeal, and ultimately, the scope of the issues for trial." In re Rivers Dev., LLC, Nos. 7-1-05 Vtec, 68-3-07 Vtec, slip op. at 15

(Vt. Envtl. Ct. Jan. 8, 2008) (Durkin, J.).  Therefore, the questions must be sufficiently clear to give the Court and the other parties notice of the grounds on which the appellant's claim rest. Reporter's Notes, V.R.C.P. 8(a) (citing Conly v. Gibson, 355 U.S. 41, 47 (1957)).  Both the parties and the Court "are entitled to a statement of questions that is not vague or ambiguous, but is sufficiently definite so that they are able to know what issues to prepare for trial."  In re Unified Buddhist Church, Inc., Indirect Discharge Permit, No. 253-10-06 Vtec, slip op. at 5 (Vt. Envtl. Ct. May 11, 2007) (Wright, J.).

The general question presented by PVF's appeal here is whether it's planned livestock expansion at the Lumbra Farm satisfies the statutory requirements of being classified as a medium farm operation such that it may seek authorization to act under the General Permit for Medium Farm Operations, pursuant to 6 V.S.A. § 4858(c)(2).  AAFM seeks dismissal of PVF's Questions 1–3, and 6, which either seek a determination or rely upon a determination that the Lumbra Farm, at the time PVF filed its NOIC on January 6, 2018, "satisfied the definition of a Small Farm pursuant to 6 V.S.A. § 4857(3)?"  PVF Statement of Questions, filed March 22, 2018, at 1–2 (hereinafter "PVF SoQ").

AAFM asserts that PVF's Questions 1–3, and 6 must be regarded as moot, based upon AAFM's assertion that PVF admits through language in its SoQ that the livestock numbers at the Lumbra Farm have already exceeded the maximum allowed for small farms and are therefore within the limits for medium farms.  As noted above, no party has provided the Court with an estimate of the exact livestock numbers, currently or in January 2018, at the Lumbra Farm. However, to say that PVF has "itself allege[d] that the animal numbers at the Lumbra Farm are between 200–699 dairy cows and 300–999 cow/calf pairs" is a misreading of PVF's SoQ.

In Question 2 and 3, PVF asserts that it had an "intent of expanding the animal numbers to between 200–699 Mature Dairy Cows and 300–999 Youngstock/Heifers . .."  PVF SoQ, at 1–2. We see no admission by the language used in these Questions that PVF had actually exceeded the livestock numbers at Lumbra Farm, particularly prior to the January 6, 2018 filing of its NOIC referenced in its Question 1.[1]

However, this clarification does not end our analysis of the appropriateness of Questions 1–3, and 6.  We have not been presented with any allegation that the Lumbra Farm at any point up to the filing of its January 6th NOIC, had livestock numbers that exceeded the definitional limits for a small farm.  While it appears that 6 V.S.A. § 4858(c)(2) makes relevant the factual question of whether the Lumbra Farm's livestock numbers were below the small farm maximums on January 6, 2018, we have no evidence of a dispute that we must resolve. Therefore, because the principal question presented is whether Lumbra Farm can now qualify as a medium farm, or must it satisfy the requirements for a large farm, we conclude that Questions 1–3, and 6 must be dismissed as being beyond the scope of the application presented in this appeal.  We therefore **GRANT** AAFM's motion with respect to these Questions.

---

[1]  We note that PVF appears to concede in Questions 4 and 5 that, after filing its NOIC, it had expanded its livestock numbers to within the definitional parameters for a medium farm operation, as defined in 6 V.S.A. § 4857(2).  We will address those factual allegation at trial when we consider Questions 4 and 5.

AAFM next challenges Questions 6, 7, 8, and 9 from PVF's SoQ as improperly asking this Court to conduct a review of the appealed determinations, instead of the Court rendering its own determinations.[2] Since this appeal is taken on a *de novo* basis (see 6 V.S.A. § 4855), we are tasked with conducting our own review of the evidence presented to this Court, and then rendering our own determination on the appealed application. In fact, when conducting a *de novo* review, we are directed to act "as though no action whatever has been held prior thereto." In re Poole, 136 Vt. 242, 245 (1978); see also Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989). Thus, it is beyond our jurisdiction in a *de novo* appeal to conduct an on-the-record review of the appealed-from determinations.

Questions 6 and 7 specifically ask whether AAFM "erred in applying § 4851" and whether it misinterpreted "the term 'designed to house' found in 6 V.S.A § 4851." PVF SoQ, at 2–3. Given that these Questions ask this Court to determine whether AAFM's review and determination was proper, we conclude that Questions 6 and 7 are not appropriate to consider in this *de novo* appeal. We therefore **GRANT** AAFM's request that they be dismissed.

Questions 8 and 9 also begin with a challenge to whether AAFM "err[ed] in applying 6 V.S.A. § 4851." PVF SoQ, at 3. However, if that introductory phrase in each Question is removed and the Question's verbiage is slightly adjusted, each becomes one that is appropriate to review in a *de novo* proceeding. Rather than directing that PVF revise each Question for purpose of clarity, as AAFM requests, we direct that PVF accept the following re-wording of its Questions:

8.  Should the term "designed to house" found in 6 V.S.A § 4851 be interpreted to mean the overall size of the structure, irrespective of the intended and actual use or number of animals present in the structure?

9.  Should the term "designed to house" found in 6 V.S.A § 4851 be interpreted to consider the layout, design, intended, and actual use of the structure, and intended and actual number of animals housed in the structure, and if the layout, design, intended, and actual use of the structure, and intended and actual number of animals housed at the Lumbra Farm fall within the Medium Farm definition pursuant to 6 V.S.A § 4857(2), should the Lumbra Farm be considered a Medium Farm?

In its pending motion, AAFM does not specifically challenge the remaining Questions in PVF's SoQ: Questions 4, 5, and 10. Those Questions appear to each be phrased in a manner to present legal issues that may be presented in a *de novo* appeal. For example, Question 4 asks whether PFV's expanded animal numbers "satisfied the definition of a Medium Farm pursuant to 6 V.S.A § 4857(2)"; Question 5 asks whether the expanded animal numbers "satisfied the definition of a Medium Farm pursuant to Subchapter 1 of the [AAFM] Rules"; and Question 10 asks whether the medium farm coverage that was requested in PVF's NOIC should be approved.

Appeals from AAFM determinations have a qualifier, however: while the applicable statute specifies that appeals from AAFM determinations are *de novo*, it directs that the appeal "shall be limited in scope to whether the medium farm complies with the terms and conditions

---

[2] Because we conclude that Question 6 is beyond the scope of the present appeal, we include this analysis in the alternative.

of the general permit."  6 V.S.A § 4861.  We therefore intend to conduct a *de novo* trial on the remaining Questions with this statutory limitation in mind.

For all these reasons, AAFM's motion to dismiss or clarify is **GRANTED, in part**, and **DENIED, in part**.  The Questions remaining for our review at trial shall be Questions, 4, 5, 10, and Questions 8 and 9, as restated above.

The Court Operations Manager shall set this matter for a pre-trial status conference, so that the matter may be set for trial.

**So Ordered.**

Electronically signed on February 20, 2019, at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Joan W. D. Donahue (ERN 4857), Attorney for Appellant Pleasant Valley Farms, LLC
Kevin T. Brennan (ERN 4685), Co-counsel for Appellant Pleasant Valley Farms, LLC
Thea J. Schwartz (ERN 3342), Attorney for the Vermont Agency of Agriculture, Food & Markets
Melanie Kehne (ERN 2561), Co-counsel for the Vermont Agency of Agriculture, Food & Markets