# STATE OF VERMONT

SUPERIOR COURT                           ENVIRONMENTAL DIVISION
                                                 Docket No. 93-8-18 Vtec

---

### Duval CU Denial

---

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Conditional Use (93-8-18 Vtec)

Count 2, Municipal DRB Conditional Use (93-8-18 Vtec)

Title:            Motion for Reconsideration (Motion 8)

Filer:            Peter K. Duval

Attorney:       Pro Se

Filed Date:     June 18, 2019

Response in Opposition filed on 06/26/2019 by Attorney Eric G. Derry for party 3 Co-counsel

**The motion is DENIED.**

Peter K. Duval appeals a conditional use permit denial by the Town of Underhill Development Review Board (DRB) related to his application to convert a single-family home with an attached accessory dwelling into a 4-unit multi-family dwelling at his property in Underhill, Vermont. The Town of Underhill (Town) subsequently cross-appealed. On May 21, 2019, this Court issued an Entry Order granting the Town's motion to remand the appeal back to the Town for further consideration of the application. Presently before the Court is Mr. Duval's motion to reconsider our May 21, 2019 Entry Order.

Mr. Duval's motion is made pursuant to V.R.C.P. 59(e), which governs motions to alter or amend a judgment. The Court has identified four basic grounds for granting such a motion: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in controlling law." In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, 136-8-10 Vtec, slip op. at 10—11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1).

Motions to reconsider should not be used to "relitigate old matters" or to "raise arguments or present evidence that could have been raised prior to entry of the judgment." Appeal of Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.) (quoting Wright, Miller, & Kane, § 2810.1) (internal footnotes omitted). Therefore, disagreement between the parties or with the Court's decision is not grounds for granting such a motion. In re Boutin PRD Amendment, No. 93-4-05=6 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.).

Mr. Duval raises two arguments in support of his motion. First, he argues it is outside the DRB's authority to review and set conditions related to wastewater systems. Second, he argues

that this Court improperly relied upon the DRB decision below when ruling on the motion to remand.

Mr. Duval raised his arguments related to the DRB's authority over wastewater systems when first opposing the Town's motion to remand the matter back to the DRB for further review. The Court considered this argument at that time and his attempt to raise it again in the present motion seeks to impermissibly relitigate this issue.

We again note that it is uncontested that the Town lacks authority to permit any wastewater system design. The Town is not seeking to do so in this matter, however. As the Court stated in our May 21, 2019 Entry Order, the Town is seeking to evaluate compliance with relevant conditional use standards. Reviewing wastewater system designs during conditional use review, not permitting them, is a valid exercise of the DRB's authority.

We next turn to Mr. Duval's assertion that this Court relied on the appealed DRB decision in issuing our May 21, 2019 Entry Order. Appeals to the Environmental Division are heard de novo. See 24 V.S.A. § 4472(a); V.R.E.C.P. 5(g). In a de novo hearing, the Court is directed to consider the pending application "'as though no action whatever had [previously] been held.'" Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (quoting In re Poole, 136 Vt. 242, 245 (1978)).

Town's motion to remand was based in the fact that the Town was unable to review certain aspects of the proposed application in the first instance due to insufficient evidence. Therefore, it could not conduct a full review of the proposal. The Court had received representations from Mr. Duval that evidence on these issues would be forthcoming before this Court. Therefore, on appeal, evidence beyond that which the Town received when conducting its initial review of the project would be presented and the Court would be hearing certain issues in the first instance. This is beyond our role as an appellate tribunal. See In re Maple Tree Place, 156 Vt. 494, 500 (1991).

In reviewing the DRB decision below, the Court did not rely upon the conclusions therein. Instead, the Court reviewed the decision to determine whether the DRB had the opportunity to conduct a full review of the proposal in the first instance. This review was required to rule on the merits of a remand. We conclude this review was proper and, therefore, is not grounds to grant Mr. Duval's motion to reconsider.

For these reasons, we **DENY** Mr. Duval's motion for reconsideration of our May 21, 2019 Entry Order as he has not presented adequate grounds to reconsider the decision.

So ordered.

Electronically signed on June 27, 2019 at 03:34 PM pursuant to V.R.E.F. 7(d).

_____

Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:

Appellant Peter K. Duval

Joseph S. McLean (ERN 2100), Attorney for Cross Appellant Town of Underhill

Interested Person John McNamara

Interested Person Catherine McNamara

Interested Person Steve Codding

Interested Person Dianne Terry

Interested Person John Koier

Interested Person Barbie Koier

Interested Person Nancy Hall

Interested Person John Hall

Interested Person Susan May

Interested Person Thomas May

Interested Person John Hardacre

Interested Person Marilyn Hardacre

Interested Person David Demuynck

Interested Person Cathy Leathersich

Eric G. Derry (ERN 5528), Attorney for party 3 Co-counsel